**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 23, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ERNEST J. GUTIERREZ,

      Plaintiff - Appellant,

v.

RON TORRES, Director of Bernalillo
County Metropolitan Detention Center;
MAIL ROOM,

      Defendants - Appellees.

No. 10-2183
(D.C. No. 1:09-CV-00664-BB-RLP)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Circuit Judge, **TACHA**, and **O'BRIEN**, Circuit Judges.

---

[*] Oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). We have decided this case on the briefs.

This order and judgment is an unpublished decision, not binding precedent. 10th Cir. R. 32.1(A). Citation to unpublished decisions is not prohibited. Fed. R. App. 32.1. It is appropriate as it relates to law of the case, issue preclusion and claim preclusion. Unpublished decisions may also be cited for their persuasive value. 10th Cir. R. 32.1(A). Citation to an order and judgment must be accompanied by an appropriate parenthetical notation – (unpublished). *Id.*

Ernest Gutierrez brings a pro se[1] appeal from the district court's order dismissing his 42 U.S.C. § 1983 action with prejudice. He argues the district court erred in concluding he did not state a claim for which relief could be granted or, in the alternative, abused its discretion in denying him permission to amend his complaint. We affirm.28 U.S.C. § 1915

> In an action in which the plaintiff is permitted to proceed *in forma pauperis* (*ifp):*
>
> [n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> > (A) the allegation of poverty is untrue; or
> >
> > (B) the action or appeal--
> >
> > > (i) is frivolous or malicious;
> > >
> > > (ii) fails to state a claim on which relief may be granted; or
> >
> > (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). The district court dismissed Gutierrez's complaint for failure to state a claim on which relief could be granted.

## I. BACKGROUND

Gutierrez filed a § 1983 action alleging his constitutional due process rights were violated when personnel at the Bernalillo County Metropolitan Detention Center (MDC) interfered with his mail. He alleged the staff lost or kept from him important legal documents he required for his defense to probation violation charges in an unrelated

---

[1] We construe pro se pleadings liberally. S*ee Ledbetter v. City of Topeka Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

criminal case.[2]  The district court referred the case to a magistrate judge for a report and

recommendation (R&R).  *See* 28 U.S.C. § 636(b)(1)(B).  The magistrate granted

Gutierrez leave to proceed *ifp* and waived the initial payment under 28 U.S.C. §

1915(b)(1).  The complaint was conclusory, wholly bereft of necessary detail; on its face

it could not withstand the *sua sponte* review required by 28 U.S.C. § 1915(e)(2).  In spite

of those deficiencies, the magistrate ordered defendants (the director and mail room staff

of MDC) to file a *Martinez*[3] report in response to the allegations.

Defendants filed a lengthy report attaching, *inter alia*, MDC's grievance and mail

policies, as well as Gutierrez's grievance history.  It also set forth the facts relating to the

criminal proceedings in which Gutierrez was involved during his incarceration and

attached related court documents.[4]  Based on his review of the *Martinez* report and the

---

[2] Gutierrez was represented by counsel in his probation violation case through appeal.

[3] In a pro se prisoner proceeding, the court may order prison officials to submit a special
report on the matter so it has an adequate record on which to conduct a review under 28
U.S.C. § 1915.  *See Martinez v. Aaron*, 570 F.2d 317, 319 (10th Cir. 1978).

[4] "In determining whether a plaintiff has stated a claim, the district court may not look to
the *Martinez* report, or any other pleading outside the complaint itself, to refute facts
specifically pled by a plaintiff, or to resolve factual disputes."  *Swoboda v. Dubach*, 992
F.2d 286, 290 (10th Cir. 1993).  Here the complaint contains only general statements that
mail and legal documents were mishandled and Gutierrez's legal defense suffered as a
result.  The magistrate looked to the *Martinez* report, particularly the grievance history, to
understand the deficient pleading.  The R&R references materials in the *Martinez* report
in the context of parsing out identifiable claims.  Although the magistrate spoke in terms
of exhaustion in reviewing the grievances, it is clear he used them to try to understand
Gutierrez's generic statements in his complaint and ultimately determined the allegations
were insufficient to state any claim for relief.  This is appropriate use of a *Martinez*
report.  *See Hall v. Bellmon*, 935 F.2d 1106, 1112 (10th Cir. 1991) ("The purpose of the
*Martinez* report is to identify and clarify the issues plaintiff raises in his complaint.")  The
magistrate did not improperly use the *Martinez* report to refute any facts specifically pled

response, the magistrate was able to construe the complaint as raising two issues: 1) the opening of Gutierrez's legal mail and 2) the return to senders of mail addressed to him at the facility. The magistrate analyzed each of those claims and concluded Gutierrez had not alleged facts sufficient to support a constitutional violation on either one. With respect to the first issue, Gutierrez failed to allege facts showing the improper opening of his mail prejudiced his legal defense. As to the second, he failed to allege the mail was returned in violation of prison regulations[5] or the regulations themselves were unconstitutional. The magistrate recommended the case be dismissed with prejudice.

Gutierrez objected to the R&R and moved to amend his complaint. The district court, after a de novo review, denied the motion to amend as futile because nothing alleged in the motion would have cured the deficiencies identified in the R&R.[6] The court adopted the R&R, dismissing the case with prejudice. Gutierrez appealed and filed a motion to proceed *ifp* on appeal with this Court.[7]

---

by the plaintiff because Gutierrez did not plead specific facts. Our review under § 1915(e)(2)(B)(ii) is appropriate.

[5] The only pieces of mail the magistrate specifically identified were money orders referenced in some of the grievances. However, Gutierrez fails to identify even the money order about which he filed a grievance in his complaint and does not allege the returned money order or any other piece of mail complied with prison mail regulations.

[6] The magistrate identified specific deficiencies in Gutierrez's allegations of fact. The objections did not address any of those deficiencies but instead only provided a list of witnesses, identifying the subject matter of their testimony with such unhelpful designations as "person that witnessed damaged mail and that was aware of plaintiff's complaints." An amended complaint containing the additional information Gutierrez provided would not pass muster.

[7] A motion to proceed *ifp* on appeal, supported by required documents,

## II.    DISCUSSION

"We apply the same standard of review for dismissals under § 1915(e)(2)(B)(ii) that we employ for Federal Rule of Civil Procedure 12(b)(6) motions to dismiss for failure to state a claim." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).  We review a dismissal under 12(b)(6) de novo.  *See Bixler v. Foster*, 596 F.3d 751, 756 (10th Cir. 2010).  We also review de novo a district court's denial of a motion to amend when the district court has determined amendment would be futile.  *Watson v. Beckel*, 242 F.3d 1237, 1239 (10th Cir. 2001).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.  We assume the factual allegations are true and ask whether it is plausible that the plaintiff is entitled to relief.  The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.

*Bixler*, 596 F.3d at 756 (citation and quotations omitted).  "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal for any reason . . . ." *Watson*, 242 F.3d at 1239-40.

Gutierrez lists three issues on appeal: 1) his incoming mail was being opened and

---

must be made in the first instance to the district court.  Fed. R. App. P. 24(a)(1).  Only if that motion is denied is there occasion to file an *ifp* motion with this court.  The filing must be made within 30 days after notice of a district court's denial.  *See* Fed. R. App. P. 24(a)(5).  Our consideration of an appropriate and timely motion is not a review of the district court's denial, but an original consideration.

*Boling-Bey v. U.S. Parole Comm'n*, 559 F.3d 1149, 1154 (10th Cir. 2009).  Although Gutierrez failed to request to proceed *ifp* on appeal in the district court, in the interest of expeditious processing of appeals, we will nevertheless consider his *ifp* motion.

- 5 -

resealed in different envelopes and his outgoing mail sent to the wrong place; 2) he was denied access to the courts because his legal documents were misplaced or destroyed and 3) the *Martinez* report contained perjured statements.[8] However, his brief, like his pleadings, is sparse and conclusory. It contains nary a legal citation and does not address the deficiencies in his complaint, which were identified for him by the district court. Gutierrez was required to include in his brief "the argument, which must contain: . . . appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Fed. R. App. P. 28(a)(9)(A). While we construe pro se pleadings liberally, we "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997). Gutierrez's briefs and other submissions provide no basis on which we could overturn the reasoned and careful decision of the district court.

We have reviewed the record and it is clear that the magistrate judge and the district court treated Gutierrez's claims with great care. Although the complaint contained only general allegations and included no citation to law, the magistrate judge

---

[8] Gutierrez filed a "Motion Responding to Defendants Supplement," which is captioned for the district court and contains additional but still insufficient factual allegations as well as attachments related to his previous state court convictions. We construe it as a reply brief and his subsequently filed "Petition for Subpo[e]na" we construe as a motion to supplement the reply brief and deny. In the motion to supplement the reply brief, Gutierrez asks this Court to subpoena documents from the National Inmate Advocacy Program and attaches a report from that entity analyzing some of his claims for relief from his state court conviction. The contents of the motion and the attached documents are irrelevant to this appeal. In any event our role is to review matters on the record, not take evidence.

ordered a *Martinez* report to assist in understanding Gutierrez's claims. The *Martinez* report, which addresses every concern raised by the magistrate, is nearly 200 pages. Gutierrez responded to the report. The magistrate identified potential claims despite the abysmal pleading, set forth the appropriate law for each possible claim, and determined Gutierrez had not alleged sufficient facts to state a claim for relief. Even a cursory review of the complaint shows it was deficient in all respects. Despite the fact that Gutierrez's objections to the R&R did not address the deficiencies in the complaint, the district court nevertheless conducted a de novo review of the record before disposing of his claims. Gutierrez provides no argument on appeal to disturb the district court's order.

We **DISMISS** the appeal as frivolous and thereby impose a strike for the purposes of 28 U.S.C. § 1915(g) against Gutierrez for filing it. *See Jennings v. Natrona Cnty. Det. Ctr. Med. Facility*, 175 F.3d 775, 780 (10th Cir. 1999) ("If we dismiss as frivolous the appeal of an action the district court dismissed under 28 U.S.C. § 1915(e)(2)(B), both dismissals count as strikes"). We deny the request to proceed *ifp* and order him to pay the filing and docketing fees associated with the appeal. We also construe his Motion Responding to Defendants Supplement as a reply brief and deny his Petition for Subpoena.

<div style="margin-left:40%">

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge

</div>