FILED
United States Court of Appeals
Tenth Circuit

July 22, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

LEROY W. BAKER,

      Plaintiff-Appellant,

v.

BUCKNER, Officer: S.G.T.; GRANT,
Officer,

      Defendants-Appellees.

No. 12-1478
(D.C. No. 1:11-CV-01374-REB-KLM)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and **EBEL**, Circuit
Judge.

---

Leroy W. Baker is a prisoner of the State of Colorado appearing pro se. He

appeals from the district court's order dismissing his civil rights action filed pursuant

to 42 U.S.C. § 1983 for failure to state a claim upon which relief could be granted

under Fed. R. Civ. P. 12(b)(6). He also filed a motion for leave to proceed in forma

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

pauperis (ifp) on appeal. We dismiss the appeal as frivolous and deny his motion for ifp. See 28 U.S.C. § 1915(e)(2)(B)(i). We also assess two strikes under 28 U.S.C. § 1915(g).

## I. Background

Mr. Baker initiated this suit in May 2011. Due to deficiencies in the initial and first amended complaints, the magistrate judge directed Mr. Baker to file a second and final amended complaint. On September 7, 2011, Mr. Baker filed a second amended complaint, asserting four claims for relief. On November 28, 2011, defendants moved to dismiss the complaint under Rule 12(b)(6) for failure to state a claim, and Mr. Baker filed a response in opposition.

On May 15, 2012, the magistrate judge entered an order recommending that two of Mr. Baker's claims be dismissed with prejudice and the other two claims be dismissed without prejudice. The magistrate judge also recommended that Mr. Baker be allowed thirty days to file an amended complaint. The order advised Mr. Baker that he was required to file written objections within fourteen days to preserve his right to either de novo review by the district court or "appellate review of both factual and legal questions." R. Vol. 1, at 166. Mr. Baker failed to file any objections to the magistrate judge's recommendation.

On June 29, 2012, the district court reviewed the magistrate judge's recommendation for plain error (finding none), adopted the recommendation, and dismissed Mr. Baker's second amended complaint. The court also allowed Mr. Baker

thirty days to file a third amended complaint.  Id. at 169-70.  Mr. Baker never filed

another complaint, but on July 16, 2012, he filed objections to the court's adoption of

the magistrate judge's recommendation.  On October 29, 2012, the court entered an

order denying Mr. Baker's objections, construed as a motion to reconsider its June 29

order.  The court entered judgment in favor of defendants, and Baker timely filed this

appeal.

## II.  Discussion

"[W]e have adopted a firm waiver rule when a party fails to object to the

findings and recommendations of the magistrate."  Duffield v. Jackson, 545 F.3d

1234, 1237 (10th Cir. 2008) (internal quotation marks omitted).  "The failure to

timely object to a magistrate's recommendations waives appellate review of both

factual and legal questions."  Id. (internal quotation marks omitted).  "There are two

exceptions when the firm waiver rule does not apply:  when (1) a pro se litigant has

not been informed of the time period for objecting and the consequences of failing to

object, or when (2) the interests of justice require review."  Id. (internal quotation

marks omitted).  Because Mr. Baker appears pro se, we construe his pleadings

liberally.  See Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam).

On December 5, 2012, we ordered Mr. Baker to show cause within twenty-one

days as to why he had not waived his right to appellate review.  Mr. Baker did not

respond to our show cause order, either separately or in the opening brief he filed

raising several merits issues.  Defendants asserted in their response brief that

Mr. Baker's arguments lacked merit. Defendants also argued that Mr. Baker had waived his right to appellate review by failing to file objections to the magistrate judge's recommendation and explain why this failure should be excused. See Aplee. Br. at 15-18. Mr. Baker did not file a reply brief to raise any argument concerning his failure to file timely, written objections to the magistrate judge's recommendation.

We conclude that Mr. Baker waived appellate review by failing to file written objections to the magistrate judge's recommendation. The record establishes that Mr. Baker was advised of the time period in which to file written objections and the consequences of failing to file them, see R. Vol. 1, at 166, so he could not meet the first exception to our firm waiver rule even if he had made such an argument. See Duffield, 545 F.3d at 1237. And in the absence of any argument from Mr. Baker that we should review his merits issues in the interests of justice, see id. at 1237-38, we will not consider applying the second exception to our firm waiver rule. Mr. Baker had two opportunities in this court to challenge the application of our firm waiver rule to this appeal. Indeed, we ordered him to do so, but he has made no attempt to avoid the application of our firm waiver rule. As a result, it is obvious that Mr. Baker cannot prevail on appeal, and the appeal is therefore frivolous. See Braley v. Campbell, 832 F.2d 1504, 1510 (10th Cir. 1987) (en banc). Under 28 U.S.C. § 1915(e)(2)(B)(i), we must dismiss the appeal.

Mr. Baker also filed a motion for leave to proceed ifp on appeal. To succeed on this motion, he "must show [(1)] a financial inability to pay the required filing fees and [(2)] the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." DeBardeleben v. Quinlan, 937 F.2d 502, 505 (10th Cir. 1991). In light of Mr. Baker's complete failure to challenge the application of our firm waiver rule on appeal, he cannot satisfy the second part of the ifp standard. Accordingly, his motion for ifp is denied. We remind Mr. Baker that "[t]he dismissal of his appeal does not relieve him of the responsibility to pay the appellate filing fee in full." Kinnell v. Graves, 265 F.3d 1125, 1129 (10th Cir. 2001). Under 28 U.S.C. § 1915, as revised by the 1996 Prison Litigation Reform Act (PLRA), "'the prisoner shall be required to pay the full amount of a filing fee.'" Cosby v. Meadors, 351 F.3d 1324, 1326 (10th Cir. 2003) (quoting § 1915(b)(1)).

### III. Prisoner Strikes under 28 U.S.C. § 1915(g)

"Under the PLRA, prisoners obtain a 'strike' against them for purposes of future ifp eligibility when their 'action or appeal in a court of the United States . . . was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted. . . .'" Hafed v. Fed. Bureau of Prisons, 635 F.3d 1172, 1176 (10th Cir. 2011) (quoting 28 U.S.C. § 1915(g)) (alteration in original). "[T]he 'three strikes' provision of the ifp statute applicable to indigent prisoners[ ] requires so-called 'frequent filer' prisoners to prepay the entire filing fee before federal courts may consider their civil actions and appeals." Id. (internal quotation

marks omitted) (brackets in original). "There is only one exception to the prepayment requirement in § 1915(g), and it applies to a prisoner who 'is under imminent danger of serious physical injury.'" Id. at 1179 (quoting § 1915(g)) (citation omitted).

We assess two strikes under § 1915(g) against Mr. Baker in this appeal. First, our conclusion that this appeal should be dismissed as frivolous results in a strike. See id. at 1176. Second, the district court's dismissal of Mr. Baker's second amended complaint for failure to state a claim under Rule 12(b)(6) constitutes a strike. See Childs v. Miller, 713 F.3d 1262, 1266 (10th Cir. 2013). We caution Mr. Baker that a third strike will preclude him from bringing a civil action or an appeal from a judgment in a civil action without prepaying the applicable filing fee unless he establishes imminent danger of serious physical harm.

## IV. Conclusion

This appeal is frivolous and is dismissed. Mr. Baker's motion for leave to proceed ifp on appeal is denied, and he is directed to immediately pay the outstanding balance of the $455.00 filing fee. Mr. Baker is assessed two strikes under 28 U.S.C. § 1915(g).

Entered for the Court

David M. Ebel
Circuit Judge

- 6 -