**FILED**
**United States Court of Appeals**
**Tenth Circuit**

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**May 27, 2025**

———————————————————

**Christopher M. Wolpert**
**Clerk of Court**

DONNA R. BRANDT,

    Plaintiff - Appellant,

v.

CIMARRON CORRECTIONAL
FACILITY AND STAFF; TERRACE
DICKERSON, Former Warden; FNU
GRANT, Assistance Warden; FNU
PHILLIPS, Assistance Warden; DR
WILLIAM CRANE, MD; FNU
HELLIGOSS, Chief of Security; FNU
JONES, Investigator; FNU SULLIVAN,
Security; FNU BURNEY, Grievance
Coordinator; FNU ADAMS, Unit
Manager,

    Defendants - Appellees.

No. 24-6089
(D.C. No. 5:23-CV-01163-R)
(W.D. Okla.)

———————————————————

## ORDER AND JUDGMENT[*]

———————————————————

Before **EID**, **KELLY**, and **ROSSMAN**, Circuit Judges.

———————————————————

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Donna R. Brandt, proceeding pro se, appeals the district court's dismissal of her complaint for failure to state a claim.  We have jurisdiction under 28 U.S.C. § 1291, and we DISMISS this appeal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

## I.

Brandt is a federal prisoner.  She filed this action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), naming ten defendants:  (1) "Cimarron Correctional Facility and Staff"; (2) "Terrance Dickerson - Former Warden"; (3) "FNU Assistant Warden Grant"; (4) "FNU Assistant Warden Phillips"; (5) "Dr. William Crane MD"; (6) "FNU Chief of Security Helligoss"; (7) "FNU Investigator Jones"; (8) "FNU Security Sullivan"; (9) "FNU Grievance Coordinator Burney"; and (10) "FNU Unit Manager Adams." ROA at 5.

Brandt raises a number of claims, ranging from "Civil Rights Violation," to "Discrimination of a Handicapped detainee," to "HIPPA [sic] Law Violation," to "Refusing Meals."  *Id.*  She provides the following primary narrative in support of her claims:

> CoreCivic and its staff dates known and unknown has denied me food even when I had medical documents from Dr. Chad Hanson Orthopedic. I have been put in medical observation and nothing was done.  Staff has monitored me and no other detainee.  Staff has not allowed me or other detainee to speak with USMS.  Staff has lied numerous times on grievances, and will not address issues, by keeping grievances in a circle where all defendant.  As far as medical services Dr. Crane has not seen me even when I have placed sick call [and] his nursing staff has sent note. There is document of requesting to see Dr. Hanson Orthopedic to clear up any and all grey areas of my disability.  My 8th Amendment of cruel and inhumane treatment and violation of Section 504 of forcing me to

2

> hurt myself to obtain my meals when CCF has given me a caretaker and I have informed them of the pain due to my handicap. There is documentation for past 60–90 days I have tried to see Dr. Crane about a stronger inhaler, anti-flamatory cream, a pain cream (not muscle rub). I have talked and written my issue with respect and staff continues to be rude and ignores my issue.

*Id.* at 6 (capitalization altered). She alleges there is evidence substantiating her claims on file with the prison, including her grievances and video footage, and witnesses willing to testify on her behalf. But she says she needs discovery of her prison file and video footage to provide further detail in her complaint.

The district court screened Brandt's complaint pursuant to 28 U.S.C. § 1915A and § 1915(e)(2)(B)(ii) and dismissed her complaint without prejudice for failure to state a claim upon which relief may be granted. Over Brandt's objection, the court adopted the magistrate judge's Report and Recommendation, which concluded that the complaint "provides no facts specifically describing the alleged violations, including when they allegedly occurred, what each individual allegedly did, or what harm [Brandt] allegedly suffered as a result." ROA at 21. The district court agreed that Brandt's complaint "does not plausibly allege any claims against any of the Defendants with sufficient detail or clarity." *Id.* at 24. The court dismissed the action without prejudice.

Brandt then petitioned the district court to allow her to proceed *in forma pauperis* ("*ifp*") on appeal. The court denied her *ifp* status on appeal, certifying under 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith, because Brandt had not presented a non-frivolous argument that addressed the

substantive reasons for her case's dismissal.  Brandt now appeals the district court's dismissal of her case,[1] and she moves this Court for leave to proceed *ifp* on this appeal under 28 U.S.C. § 1915.

## II.

We begin with whether Brandt's appeal is frivolous.  We may authorize an appeal "without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses [and] that the person is unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a)(1).  But 28 U.S.C. § 1915(e)(2)(B)(i) mandates that "the court shall dismiss the case at any time if the court determines that . . . the . . . appeal is frivolous."

Where a district court certifies that an appeal is not taken in good faith, a party "may nonetheless move this court for leave to proceed on appeal [*ifp*] pursuant to the mechanism set forth in [Federal Rule of Appellate Procedure] 24(a)(5)."  *Rolland v. Primesource Staffing, L.L.C.*, 497 F.3d 1077, 1079 (10th Cir. 2007).  To succeed on an *ifp* motion, "an appellant must show a financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal."  *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991).  An "appeal is frivolous under § 1915(e)(2)(B)([i])" if the appellant "fail[s] to present any legal theory which could conceivably refute the district court's

---

[1] The district court dismissed the case without prejudice, but the dismissal is final and appealable because the court's order dismissed the entire action.  *See Moya v. Schollenbarger*, 465 F.3d 444, 450 (10th Cir. 2006).

4

disposition." *Davis v. Kan. Dep't of Corr.*, 507 F.3d 1246, 1249 (10th Cir. 2007); *see also Crownhart v. McDonald's Corp.*, 846 F. App'x 711, 713 (10th Cir. 2021) (unpublished) ("Given that Crownhart does not present any law or facts to challenge the district court's dismissal order, his appeal is frivolous."); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

We conclude that Brandt's appeal is frivolous under § 1915(e)(2)(B)(i). Her appellate brief presents no justification to question the district court's reasoning in dismissing her claims, and it cites no supporting authority. Brandt largely repeats the vague allegations in her complaint and her request for discovery to further develop them. She also charges the district court with not "being fair to [her]" in dismissing her complaint because she cannot afford an attorney and so her case will "never get heard in court." Aplt. Br. at 7. But none of this is responsive to the defect the district court identified: Brandt's complaint does not include enough facts to plausibly state any of her many claims for relief. *See Gutierrez v. Torres*, 416 F. App'x 764, 767 (10th Cir. 2011) (unpublished) (finding appeal frivolous and denying *ifp* motion where brief contained "nary a legal citation and d[id] not address the deficiencies in [the] complaint, which were identified . . . by the district court"); *see also Thompson v. Robison*, 580 F. App'x 675, 677 (10th Cir. 2014) (unpublished) (finding appeal frivolous and denying *ifp* motion where "[n]owhere in his brief d[id] [the plaintiff] address the district court's order directing him to cure deficiencies in his initial filings, or the court's subsequent order dismissing his action for failure to do so"). To her credit, Brandt's appellate brief does include some new, more specific

5

factual allegations that were not in her complaint, such as specification of certain dates, events, and defendants. But, as a matter of law, allegations in an appellate brief not in the complaint cannot serve as a basis to reverse a district court's decision that the *complaint* fails to state a claim upon which relief can be granted. *See Smith v. Plati*, 258 F.3d 1167, 1172 n.2 (10th Cir. 2001) (refusing to consider factual allegations in appellate brief that were not in complaint, "[i]n keeping with our obligations under Rule 12(b)(6)"); *see also Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007) ("We apply the same standard of review for dismissals under § 1915(e)(2)(B)(ii) that we employ for [Rule] 12(b)(6) motions to dismiss for failure to state a claim."). Brandt has not "ma[de] a rational argument on the law or facts" that supports reversing the district court's judgment. *DeBardeleben*, 937 F.2d at 505.

## III.

We DENY Brandt's motion to proceed on appeal *ifp* and DISMISS her appeal under 28 U.S.C. § 1915(e)(2)(B)(i). The district court's dismissal for failure to state a claim[2] and our dismissal of this appeal as frivolous each constitute a "strike" under the Prison Litigation Reform Act. *See Baker v. Buckner*, 529 F. App'x 965, 968

---

[2] The district court's dismissal was without prejudice, so Brandt may attempt to bring her claims in a new action. We remind her that, to state a claim in federal court, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

(10th Cir. 2013) (unpublished); 28 U.S.C. § 1915(g).  Payment is due on Brandt's filing fee.

Entered for the Court

Allison H. Eid
Circuit Judge