**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 30, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ERIC ADAMS,

    Plaintiff - Appellant,

v.

R. WILEY,

    Defendant - Appellee.

No. 07-1467
(D.C. No. 07-cv-1357-ZLW-BNB)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

---

Mr. Eric Adams, proceeding pro se,[1] appeals the denial of his Fed. R. Civ. P. 59(e) motion to amend or alter the dismissal of his action by the district court. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we AFFIRM for the reasons outlined herein.

---

[*] This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1. After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a). The case is therefore ordered submitted without oral argument.

[1] Because Mr. Adams is proceeding pro se, we construe his submissions liberally. *See Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

Mr. Adams, a federal prisoner, filed a motion under 28 U.S.C. § 2241 asserting that prison officials were refusing to allow him to receive copies of a magazine to which he subscribes and seeking injunctive relief. After reviewing the motion, the magistrate judge determined that Mr. Adams's habeas corpus claims were more appropriately characterized as civil rights *Bivens*[2] claims. The magistrate judge therefore ordered Mr. Adams to file the proper court-approved forms for his prisoner complaint and for a prisoner's motion and affidavit for leave to proceed pursuant to 28 U.S.C. § 1915. Mr. Adams was warned that if he failed to comply with the order within thirty days, his action would be dismissed without further notice. Mr. Adams did not comply with the magistrate judge's instructions; instead, he filed a motion captioned as a Fed. R. Civ. P. 60(b) motion, which the district court construed as an objection to the magistrate judge's order. The district court overruled the objection and granted Mr. Adams ten days to comply with the magistrate judge's order.

After Mr. Adams failed to comply within the time allowed, the district court dismissed his action without prejudice for failure to prosecute and entered judgment in favor of the defendant. Mr. Adams then filed a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e), as well as shortly thereafter an amended motion. The district court denied the motion (as amended) as redundant, unnecessary, and malicious. Mr. Adams now appeals the denial of his Rule 59(e) motion.

Under Fed. R. Civ. P. 59(e), a party may file a motion to alter or amend a judgment within ten days after the entry of judgment. A district court's ruling on a motion to alter or amend judgment under Rule 59(e) is reviewed for abuse of discretion. *Brown v.*

_____

[2] *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

*Presbyterian Healthcare Servs.*, 101 F.3d 1324, 1331 (10th Cir. 1996). A district court's

dismissal for failure to prosecute or to comply with the court's orders likewise is reviewed

for abuse of discretion. *See* Fed. R. Civ. P. 41(b); *Olsen v. Mapes*, 333 F.3d 1199, 1204

(10th Cir. 2003).

> Under the abuse of discretion standard, a trial court's decision will not be disturbed unless the appellate court has a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances. When we apply the "abuse of discretion" standard, we defer to the trial court's judgment . . . . In this circuit, abuse of discretion is defined as an arbitrary, capricious, whimsical, or manifestly unreasonable judgment.

*Brown*, 101 F.3d at 1331 (citation and internal quotation marks omitted).

In his Rule 59(e) motion, Mr. Adams argued that the district court's dismissal was

improper because the magistrate judge failed to consider his § 2241 application on the merits

and deliver a Report and Recommendation ("R&R") to the district court, which he alleges

was required by 28 U.S.C. § 636(b)(1). On appeal, Mr. Adams raises the same argument

regarding the impropriety of the dismissal. He additionally argues that because the

magistrate judge's order was not an R&R submitted to the district court, it was error for the

district court to "untimely" consider his Rule 59(e) motion as an "objection" to the magistrate

judge's order. Construing his filings liberally, it appears that Mr. Adams may also be

challenging the underlying dismissal of his lawsuit on the grounds of failure to prosecute.

Mr. Adams's arguments are meritless. It is undisputed that despite being warned of

the consequence that his action would be dismissed, he failed to submit the forms as ordered

by the court. Thus, it was not an abuse of discretion for the district court to dismiss his

action, as he had failed to prosecute and to comply with the court's orders. *See* Fed. R. Civ. P. 41(b); *Olsen*, 333 F.3d at 1204 & n.3. Further, it is true that under 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b), a magistrate judge that is designated to consider a prisoner petition challenging conditions of confinement must conduct the required proceedings and enter a recommended disposition. *See, e.g.*, *Clark v. Poulton*, 963 F.2d 1361, 1363-65 (10th Cir. 1992). Neither the magistrate judge nor the district judge in this case, however, was ever presented with a proper application containing such a challenge to conditions of confinement, despite repeatedly offering Mr. Adams the opportunity to file an application. Next, there was nothing erroneous about the magistrate judge issuing an order requiring Mr. Adams to file a proper application. While a magistrate judge may not hear and determine "a motion for injunctive relief," section 636(b)(1)(A) does not prohibit a magistrate judge from determining that a motion containing such a request is improperly filed and ordering that a petitioner use the proper forms to file the motion. *See* 28 U.S.C. § 636(b)(1)(A) (allowing a district judge to "designate a magistrate judge to hear and determine any pretrial matter pending before the court," with some exceptions).

Finally, the district court's dismissal was neither untimely nor based on a determination that Mr. Adams's Rule 59(e) motion was an objection to either the magistrate judge's order or to an R&R that Mr. Adams asserts should have been filed. Giving the language its most natural reading, the district court's reference in its order to the Rule 59(e) motion and amended motion as "successive objections" is not a literal description of the filings with reference to 28 U.S.C. § 636(b). Rather, the language simply reflects the district court's recognition that, through his motion and amended motion, Mr. Adams had filed

successive and redundant arguments challenging the district court's own determination that Mr. Adams had not complied with its filing requirements (including the ten-day deadline) for moving forward with his action. The order specifically notes that Mr. Adams's motion and amendment are filed "pursuant to Fed. R. Civ. P. 59(e)," with no mention of 28 U.S.C. § 636(b), and denies, rather than overrules, the motion.

Thus, the district court's denial of the Rule 59(e) motion was well-taken and did not constitute an abuse of discretion. Accordingly, the district court's judgment is AFFIRMED. Mr. Adams's motion for leave to proceed on appeal without prepayment of costs or fees is DENIED, and he is ordered to make immediate payment of any unpaid balance due.

Entered for the Court

Jerome A. Holmes
Circuit Judge