**UNITED STATES COURT OF APPEALS**

June 30, 2014

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

　　Plaintiff-Appellee,

v.

DEMARIO A. EATMAN,

　　Defendant-Appellant.

No. 13-3276
(D.C. Nos. 2:12-CV-02684-CM;
2:07-CR-20057-CM-1)
(D. Kan.)

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

Before **GORSUCH**, **MURPHY**, and **HOLMES**, Circuit Judges.

In this 28 U.S.C. § 2255 proceeding, pro se[1] federal inmate Demario

Eatman has applied for a certificate of appealability ("COA") to challenge the

district court's denial of his motion to vacate, set aside, or correct his sentence.

Mr. Eatman also moves for leave to proceed here *in forma pauperis* ("IFP"). As

---

[*]　　This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

[1]　　Because Mr. Eatman is proceeding pro se, we construe his filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010).

explained below, we **deny** the application for a COA, **deny** the motion to proceed IFP, and **dismiss** the matter.

## I

In 2007, Mr. Eatman was indicted in the United States District Court for the District of Kansas for possessing a firearm as a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e)(1).  Mr. Eatman pleaded guilty without the benefit of a plea agreement.  The petition to plead guilty was signed by Mr. Eatman and bore the following typewritten note: "The maximum penalty is 10 years unless the court determines the defendant has three prior serious drug offenses or violent felonies or a combination of three ther[e]of as set out in 18 U.S.C. sec. 924(e)(1)."  R., Vol. I, at 21 (Pet. to Plead Guilty, filed Oct. 14, 2010).  Defense counsel likewise certified to the court that he had explained the maximum penalty for the offense to his client and had discussed with him the application of the United States Sentencing Guidelines ("the Guidelines").[2]

After the guilty plea was entered, a Presentence Investigation Report ("PSR") was prepared by the United States Probation Office using the 2010 version of the Guidelines.  The PSR determined that Mr. Eatman was subject to an advisory Guidelines range of 168 to 210 months, which became a 180-to-210-

---

[2]    The attorney certification suggests that the guilty plea was the result of a plea agreement, but in light of the rest of the record we regard that statement as a typo.

month range in light of the fifteen-year statutory minimum sentence established by 18 U.S.C. § 924(e)(1) for armed career criminals. According to the PSR, Mr. Eatman was an armed career criminal because he had been convicted of three violent felonies—*viz.*, one for burglary and two for resisting arrest. Mr. Eatman objected that the resisting-arrest convictions were not violent felonies and thus could not properly be used to classify him as an armed career criminal.

At the sentencing hearing that followed, defense counsel advised the court that he had discussed the PSR with Mr. Eatman and had gone over with him "the possible sentencing outcomes or sentencing consequences that could take place based on the information in the report." R., Vol. II, at 6 (Sentencing Hr'g Tr., dated Feb. 8, 2011). Mr. Eatman testified to the same effect.

The district court adopted the PSR *in toto*, including its effective 180-to-210-month range, and sentenced Mr. Eatman to 180 months in prison. In so doing, the district court found that both of Mr. Eatman's prior convictions for resisting arrest qualified as violent felonies under 18 U.S.C. § 924(e), as that provision had been interpreted by Tenth Circuit case law.

When Mr. Eatman challenged his sentence, his attorney filed a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967). On appeal, Mr. Eatman reiterated the argument that his resisting-arrest offenses were not violent felonies within the meaning of the relevant statutory provisions. A panel of the Tenth Circuit rejected his argument and, applying *Sykes v. United States*, ---

3

U.S. ----, 131 S. Ct. 2267 (2011), determined that Mr. Eatman's convictions qualified as "violent felonies" under the Armed Career Criminal Act. *United States v. Eatman*, 460 F. App'x 790, 795–96 (10th Cir. 2012). The panel consequently granted defense counsel's *Anders* motion and dismissed the appeal. *Id.* at 796.

In 2012, Mr. Eatman filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. He alleged in that motion that his plea had not been knowing, voluntary, and intelligent, thereby violating his due-process rights, and that he had received ineffective assistance of counsel. In support of his claims, Mr. Eatman asserted that his attorney had exaggerated the strength of the evidence against him and falsely advised him that he would not be sentenced to more than 120 months' imprisonment. After the government responded to his request for habeas relief, Mr. Eatman filed a motion for production of discovery material from his former attorney. He also filed a motion to expand the record to include various affidavits and DNA evidence. In a subsequent filing, Mr. Eatman requested an evidentiary hearing on his § 2255 motion.

The district court denied the motion for discovery, the motion to expand the record, and the § 2255 motion. With respect to the due-process claim, the district court noted that both the petition to plead guilty and the district court's recollection of the change-of-plea hearing reflected the fact that Mr. Eatman's

4

counsel informed him that he faced a maximum penalty of ten years *unless* the court found him to be an armed career criminal under 18 U.S.C. § 924(e)(1).[3] Regarding the ineffective-assistance claim, the district court stressed that defense counsel filed a motion in limine, a motion for discovery, and objections to the PSR, indicating that he had reviewed the evidence in the case and that his performance was not constitutionally deficient. The district court likewise found that Mr. Eatman had made no showing of prejudice, reasoning that the government had compelling evidence of his guilt—including video surveillance capturing the suspect wearing the same clothing found on Mr. Eatman at the time of his arrest. In light of those findings, the district court denied Mr. Eatman's § 2255 motion, denied a COA, denied his request for an evidentiary hearing, and denied his motions for discovery and to expand the record.

## II

We are not authorized to consider the merits of an appeal in a § 2255 proceeding unless the movant has first obtained a COA. *See* 28 U.S.C. § 2253(c)(1)(B); *see also Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003). "A

---

[3]    Although no transcript for the change-of-plea hearing appears in the record, we observe that the same district court judge who presided over that hearing later ruled on the § 2255 motion. Thus, guided by the Supreme Court's view that "[i]n some cases, the judge's recollection of the events at issue may enable him summarily to dismiss a [§] 2255 motion," *Blackledge v. Allison*, 431 U.S. 63, 74 n.4 (1977), we are not troubled by this aspect of the district court's ruling.

5

COA will issue 'only if the applicant has made a substantial showing of the denial of a constitutional right.'" *Coppage v. McKune*, 534 F.3d 1279, 1281 (10th Cir. 2008) (quoting 28 U.S.C. § 2253(c)(2)); *accord Harris v. Dinwiddie*, 642 F.3d 902, 906 (10th Cir. 2011). "To make such a showing, an applicant must demonstrate 'that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.'" *Harris*, 642 F.3d at 906 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

### III

Liberally construed, Mr. Eatman's opening brief asserts five grounds for a COA: (1) his plea was not knowing, intelligent, and voluntary, in violation of his due-process rights; (2) he received ineffective assistance of counsel, in violation of his Sixth Amendment rights; (3) his request to expand the record should have been granted; (4) his motion for discovery should have been granted; and (5) his request for an evidentiary hearing should have been granted.[4] For the reasons that follow, Mr. Eatman is not entitled to a COA on the first two grounds because he fails to demonstrate that reasonable jurists could debate the district court's

---

[4]    In addition, Mr. Eatman appears to challenge the district court's ruling that his reply brief was not properly filed because it was not signed under penalty of perjury. Because he does not explain what bearing this point might have on his request for a COA, we will not discuss the argument further.

6

determination that his constitutional claims are meritless. He is likewise not entitled to a COA on the remaining three grounds, for without a viable underlying constitutional claim, his nonconstitutional arguments cannot support the issuance of a COA.

## A

So far as we can discern, Mr. Eatman's due-process argument on appeal is limited to the contention that "[t]he rote recitation of the plea colloquy is insufficient in most cases to permit a court to resolve the issue of . . . whether a knowing[], voluntary and intelligent guilty plea has been made." Aplt. Opening Br. at 3. Mr. Eatman supplies no explanation or authority to support this proposition.[5] In any event, the record belies Mr. Eatman's suggestion that the district court cursorily accepted his guilty plea. Rather, the district court found that Mr. Eatman was correctly apprised of his sentencing exposure—including the potential fifteen-year statutory minimum—through his own petition to plead guilty and directly by the district court's oral advisements at the change-of-plea

---

[5] Mr. Eatman purports to incorporate by reference his reply brief from the § 2255 proceedings in the district court. We will not permit him to do so. *See* 10th Cir. R. 28.4 ("Incorporating by reference portions of lower court or agency briefs or pleadings is disapproved [under the Federal Rules of Appellate Procedure]."); *see also Wardell v. Duncan*, 470 F.3d 954, 963–64 (10th Cir. 2006) (holding that an appellant was not entitled to incorporate district court filings into his appellate brief by reference and that his "pro se status d[id] not except him from such established rules"). Consequently, we will not address the arguments that Mr. Eatman attempts to incorporate by reference.

hearing.  Mr. Eatman does not contest these findings, so we accept them as correct.  *See United States v. Rushin*, 642 F.3d 1299, 1302 (10th Cir. 2011) ("In considering the denial of a § 2255 motion for post-conviction relief, we review the district court's findings of fact for clear error . . . ."); *Butler v. Hamilton*, 542 F.2d 835, 838 (10th Cir. 1976) ("The burden of demonstrating that findings are clearly erroneous is a heavy one and appellants must point out specifically where the findings of the trial court are clearly erroneous.").

As the district court acknowledged in denying Mr. Eatman's § 2255 motion, there are situations in which records are too sparse to ascertain whether a defendant's guilty plea satisfied due process.  *See Blackledge*, 431 U.S. at 75–76; *cf. Lasiter v. Thomas*, 89 F.3d 699, 703 (10th Cir. 1996) (discussing *Blackledge* and concluding that, in contrast to that case, the defendant's "unsubstantiated efforts to refute [the] record were not sufficient to require a hearing").  At the same time, it is well-established that "[t]he subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible."  *United States v. Weeks*, 653 F.3d 1188, 1205 (10th Cir. 2011) (quoting *Blackledge*, 431 U.S. at 74) (internal quotation marks omitted); *see Lasiter*, 89 F.3d at 703 ("This court has interpreted *Blackledge* to permit summary disposition of habeas corpus [motions] based on claims of unkept promises and misunderstanding when the court record refutes the claims."); *Phillips v. Murphy*, 796 F.2d 1303, 1305 (10th Cir. 1986)

8

("In light of the detailed record and findings, . . . and the petitioner's awareness of statements in court that there were no negotiations on the sentence, we conclude the assertions of petitioner are wholly incredible and do not require a federal evidentiary hearing."). The record here, as found by the district court and as unchallenged by Mr. Eatman, indicates that Mr. Eatman was correctly told his potential sentence. As a result, his intimation that he was not so advised is "in the face of the record . . . wholly incredible," *Weeks*, 653 F.3d at 1205 (internal quotation marks omitted), and he is not entitled to a COA on his due-process claim.

**B**

Mr. Eatman appears to assert that his former attorney supplied ineffective assistance, as defined in *Strickland v. Washington*, 466 U.S. 668 (1984), by falsely informing him that a DNA sample taken from the scene of the crime matched that of Mr. Eatman.[6] "[T]o prevail on an ineffective assistance claim the

---

[6] Mr. Eatman seems to also suggest that the government withheld the fact that there actually *was* no inculpatory DNA evidence, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). There are no *Brady*-related allegations in Mr. Eatman's § 2255 motion, so any potential *Brady* issue was not fairly presented to the district court, and we will not address the argument in the first instance here. *See Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998) ("Although we construe pro se pleadings liberally, we will not rewrite a [motion] to include claims that were never presented." (citation omitted)); *United States v. Cook*, 997 F.2d 1312, 1316 (10th Cir. 1993) ("In the present appeal, Defendant raises thirty-one grounds for relief. To the extent that he failed to raise these grounds in his § 2255 motion to the district court, he has waived them.").

defendant must show that [his] counsel's performance was deficient *and* that prejudice resulted." *United States v. Flood*, 713 F.3d 1281, 1286 (10th Cir.) (emphasis added), *cert. denied*, --- U.S. ----, 134 S. Ct. 341 (2013). "These two prongs [i.e., deficient performance and prejudice] may be addressed in any order, and failure to satisfy either is dispositive." *Hooks v. Workman*, 689 F.3d 1148, 1186 (10th Cir. 2012); *see United States v. Orange*, 447 F.3d 792, 796–97 (10th Cir. 2006) ("Because [the § 2255 movant] must demonstrate both *Strickland* prongs to establish his claim, a failure to prove either one is dispositive." (citation omitted)).

Mr. Eatman offers no argument or explanation concerning why he believes he received false information from his attorney about the purported DNA evidence. As such, he fails to demonstrate that his counsel's performance was deficient, and it follows that reasonable jurists could not debate the district court's decision to deny his ineffective-assistance claim on that basis. It is also clear that his ineffective-assistance claim founders on *Strickland*'s prejudice prong. "In cases where a defendant complains that ineffective assistance led him to accept a plea offer as opposed to proceeding to trial, [he] will have to show 'a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Missouri v. Frye*, --- U.S. ----, 132 S. Ct. 1399, 1409 (2012) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)); *accord United States v. Moya*, 676 F.3d 1211, 1213–14 (10th Cir. 2012).

10

On the basis of its own recollection of the change-of-plea hearing, the district court determined that Mr. Eatman could not establish prejudice on his DNA-evidence argument because the government did not suggest at that hearing that it would have presented any DNA evidence at trial. The district court also found that the government intended to present video surveillance that showed the suspect wearing the same attire later discovered on Mr. Eatman's person when he was arrested. Moreover, the district court recited the government's assertion that the firearm was later found close to the location at which Mr. Eatman was taken into custody.

Mr. Eatman does not dispute any of the foregoing findings in his opening brief, leading us to embrace them as true. *See Rushin*, 642 F.3d at 1302; *Butler*, 542 F.2d at 838. Applying the law to these facts, we find that a reasonable jurist could not debate the correctness of the district court's conclusion that there was no reasonable probability that Mr. Eatman would have elected to go to trial, rather than plead guilty, even in the absence of the purported DNA evidence. For, without that evidence, there would still have been—on the uncontroverted record—substantial proof of Mr. Eatman's guilt. Consequently, Mr. Eatman cannot demonstrate that he was prejudiced under *Strickland* by any alleged deficient performance by his counsel.

In sum, given that Mr. Eatman has failed to make an adequate showing on either prong of *Strickland* (i.e., deficient performance or prejudice), we are

11

satisfied that reasonable jurists could not debate the district court's decision to reject his ineffective-assistance claim, and we will not issue a COA regarding that claim.

## C

Apart from his underlying constitutional claims, Mr. Eatman requests a COA on three other grounds: (1) his request to expand the record should have been granted; (2) his motion for discovery should have been granted; and (3) his request for an evidentiary hearing should have been granted. However, a COA is only appropriate in circumstances implicating *constitutional* error. *See Harris*, 642 F.3d at 906 ("We will issue a COA 'only if the applicant has made a substantial showing of the denial of a *constitutional* right.'" (emphasis added) (quoting 28 U.S.C. § 2253(c)(2))); *Coppage*, 534 F.3d at 1281 ("A COA will issue 'only if the applicant has made a substantial showing of the denial of a *constitutional* right.'" (emphasis added) (quoting 28 U.S.C. § 2253(c)(2))); *United States v. Gordon*, 172 F.3d 753, 755 (10th Cir. 1999) ("[Section] 2253(c)(2) precludes the grant of a COA on such nonconstitutional claims."). Mr. Eatman does not suggest that any of these alleged errors rise to constitutional magnitude, and we see no way in which they could. Furthermore, to the extent that the remaining claims are meant to go to his underlying constitutional arguments, we have already explained why those arguments fail to warrant a COA. Accordingly, Mr. Eatman is not entitled to a COA on these claims.

12

## IV

Mr. Eatman has presented here no "reasoned, nonfrivolous argument on the law and facts." *Watkins v. Leyba*, 543 F.3d 624, 627 (10th Cir. 2008) (internal quotation marks omitted).  Accordingly, his motion to proceed IFP is denied.

## V

For the reasons set forth above, we **DENY** Mr. Eatman's application for a COA, **DENY** his motion to proceed IFP, and **DISMISS** this matter.


Entered for the Court


JEROME A. HOLMES
Circuit Judge