FILED
United States Court of Appeals
Tenth Circuit

October 21, 2014

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

MAURICE L. THOMPSON,

     Plaintiff - Appellant,

v.

VALERIE J. ROBISON;
TASHA DOBBS; JOHN JONES,

     Defendants - Appellees.

No. 14-1345

(D.C. No. 1:14-CV-1850-LTB)
(D. Colo.)

---

ORDER AND JUDGMENT[*]

---

Before **KELLY**, **BALDOCK**, and **BACHARACH**, Circuit Judges.[**]

---

In July 2014, Plaintiff Maurice Thompson, appearing pro se, filed what he

labeled a "Notice of Claim" (NOC) in the federal district court. Plaintiff, who

apparently was incarcerated and facing criminal charges of some sort in Colorado

state court, complained of problems with Defendants Valerie Robison, Tasha Dobbs,

and John Jones, a state judge, probation officer, and police officer respectively. In

an "Affidavit of Negative Averment" attached as an exhibit to the NOC, Plaintiff

---

[*] This order and judgment is not binding precedent except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however,
for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1. The case therefore is submitted
without oral argument.

wrote:

> John Jones had no right to arrest me without a warrant issued which is a constitutional wrong. Tasha Dobbs has acted in quasi-judicial function under Pa. R. Crim. P. 702(3) is not authorized for parole officers to do. . . . Valerie J. Robison stated in open court that my charges are serious in a meaner unprofessional as if I didn't stand a chance of a fair trail in her court room. Plus she back's the two officers in whom she knowse have committed lawful wrongs under color of law by allowing my current case to proceed. She also is acting as an unlawful debt collector by denying commercial drafts and other filiants which is a commercial injury of misapplication of the statue[,] the very grounds for this tort. She also denies my safety from the two members mention that I have veriest of complaints against due too their unprofessionalism with the federal level.

Rec. at 6 (errors in original).

In the NOC itself, Plaintiff seems to indicate he originally wished to pursue his grievances in state court but the state judge would not permit him to do so. Id. at 3. The record contains a state district court order issued by Judge Robison denying Plaintiff's claims based on his failure to serve his various filings on opposing counsel as instructed, as well as his apparent effort to pursue civil claims in the context of his criminal prosecution:

> [T]he most recent documents do not pertain to the instant criminal charges in this case and the case law cited has no relevance to the instant charges. There is no clear and concise request contained in the recent filings.

> Therefore, any requests contained in the three documents are hereby denied. Not only has the Defendant failed to provide the Certificate of Mailing/Service, but the three documents are nonsensical and do not make any rational request of the Court.

Id. at 7–8.

2

After reviewing Plaintiff's NOC, a federal magistrate judge issued an order directing him to "cure deficiencies." Specifically, the magistrate judge instructed Plaintiff as follows:

> Plaintiff shall obtain (with the assistance of his case manager or the [Mesa County Detention F]acility's legal assistant) the Court-approved forms for filing a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and a Prisoner Complaint, along with the applicable instructions, at www.cod.uscourts.gov, and shall use those forms in curing the designated deficiencies.

Id. at 13. The order further admonished Plaintiff that failure to cure said deficiencies within thirty days would result in dismissal of his action.

When Plaintiff failed to timely cure his deficient filings, the district court ordered his action dismissed without prejudice. The court further certified pursuant to § 1915(a)(3) that any appeal of the dismissal order "would not be taken in good faith and therefore *in forma pauperis* [IFP] status will be denied for the purpose of appeal." Id. at 16. Plaintiff nevertheless appealed, asking permission to proceed IFP. We exercise jurisdiction under 28 U.S.C. § 1291. See Moya v. Schollenbarger, 465 F.3d 444, 450 (10th Cir. 2006) (explaining that a dismissal without prejudice is final and appealable "if a district court order expressly and unambiguously dismisses a plaintiff's entire action").

Section 1915(a)(1) and (2) generally authorize us to allow an appellant to proceed on appeal "without payment of fees or security therefor" provided such party proves his indigent status. Where a district court certifies an appeal is not taken in

3

good faith, an aggrieved party may still move for leave to proceed IFP "pursuant to the mechanism set forth in [Fed. R. App. P.] 24(a)(5)." Rolland v. Primesource Staffing, L.L.C., 497 F.3d 1077, 1079 (10th Cir. 2007). "To do so, however, the appellant must show not only 'a financial inability to pay the required filing fees,' but also 'the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal.'" Crownhart v. Muller, 575 F. App'x 834, 835 (10th Cir. 2014) (unpublished) (quoting DeBardeleben v. Quinlan, 937 F.2d 502, 505 (10th Cir. 1991)).

Even construing his various pleadings liberally, Plaintiff has not met this requirement. In his appellate brief, Plaintiff continues to complain in a conclusory fashion about "wrongful arrest," "denial of fair treatment by way of the court," and denial of "the services that are provide[d] for all parolees." He also cursorily claims entitlement to monetary damages and release from incarceration. Nowhere in his brief does he address the district court's order directing him to cure deficiencies in his initial filings, or the court's subsequent order dismissing his action for failure to do so. Instead, Plaintiff tells us the district court erred by denying his motion to proceed IFP and dismissing his action despite an unidentified conflict of interest. He appears to ask us to decide the merits of his claims in the first instance which, of course, we will not do. See, e.g., United States v. Eatman, 569 F. App'x 626, 631 n.6 (10th Cir. 2014) (unpublished).

4

Having thoroughly reviewed the record in this case, we have no choice but to conclude that Plaintiff fails on appeal to present a reasoned, nonfrivolous argument on the law and facts that would support setting aside the district court's judgment. Accordingly, we deny Plaintiff's motion to proceed on appeal IFP and dismiss his appeal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Plaintiff is reminded that he remains responsible for paying the full filing fee for this action as previously assessed by the Clerk of Court.

Motion to proceed IFP DENIED; Appeal DISMISSED.

Entered for the Court


Bobby R. Baldock
United States Circuit Judge