FILED
United States Court of Appeals
Tenth Circuit

April 8, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JAIME LUEVANO,

        Petitioner-Appellant,

v.

HILLARY RODHAM CLINTON, Ex
Secretary of State; U.S. TEXAS
JUDGES, High Rank Official, et al.;
CONGRESS OFFICIALS; TEX. GOV.
et al.,

        Respondents-Appellees.

No. 15-1230
(D.C. No. 1:14-CV-03493-LTB)
(D. Colo.)

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

Before **HOLMES**, **MATHESON**, and **PHILLIPS**, Circuit Judges.

Pro se[1] prisoner Jaime Luevano appeals from the dismissal of his

application for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The district

---

[*]     This order is not binding precedent except under the doctrines of law
of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and
Tenth Circuit Rule 32.1.

[1]     Because Mr. Luevano appears pro se, we afford his filings a liberal
construction, *see Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010), but
we do not craft arguments or otherwise advocate for him, *see Yang v. Archuleta*,
525 F.3d 925, 927 n.1 (10th Cir. 2008).

court dismissed without prejudice Mr. Luevano's petition pursuant to Federal Rule of Civil Procedure 41(b) for failure to file his action on the proper court-approved forms, despite two orders instructing him to do so. Mr. Luevano now appeals and moves for leave to proceed *in forma pauperis* ("IFP") on appeal. Construing Mr. Luevano's notice of appeal as a request for a Certificate of Appealability ("COA") pursuant to Federal Rule of Appellate Procedure 22(b)(2), we exercise jurisdiction under 28 U.S.C. § 1291 and **deny** the COA, **dismiss** the appeal, and **deny** Mr. Luevano's motion for leave to proceed IFP.

**I**

Because Mr. Luevano is a state prisoner proceeding under 28 U.S.C. § 2241, he must receive a COA in order to be heard on the merits of his appeal. *See, e.g.*, *Montez v. McKinna*, 208 F.3d 862, 867 (10th Cir. 2000). Although Mr. Luevano has not explicitly requested a COA, his notice of appeal constitutes a request for a COA. *See* Fed. R. App. P. 22(b)(2).

"We may grant a COA only if the petitioner makes a 'substantial showing of the denial of a constitutional right.'" *Milton v. Miller*, 812 F.3d 1252, 1263 (10th Cir. 2016) (quoting 28 U.S.C. § 2253(c)(2)). "This requires a 'showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.'" *Id.* (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The issue becomes "somewhat more complicated," however, where the district court's denial is predicated on procedural grounds, as here. *Slack*, 529 U.S. at 484. In that situation, the petitioner actually must shoulder a two-fold burden: *viz.*, not only must the petitioner demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," he or she must also show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *accord Fleming v. Evans*, 481 F.3d 1249, 1254 (10th Cir. 2007); *see Coppage v. McKune*, 534 F.3d 1279, 1281 (10th Cir. 2008) ("If the application was denied on procedural grounds, the applicant faces a double hurdle.").

The district court dismissed without prejudice Mr. Luevano's case for failure to comply with two orders—entered at its behest by the magistrate judge—to cure filing deficiencies by using court-approved forms. "Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss an action . . . if the plaintiff fails 'to comply with . . . any order of court.'" *Olsen v. Mapes*, 333 F.3d 1199, 1204 (10th Cir. 2003) (quoting Fed. R. Civ. P. 41(b)); *see Brown v. Beck*, 203 F. App'x 907, 909 (10th Cir. 2006) (unpublished) ("The district court can, under Fed. R. Civ. P. 41(b), dismiss an action because the plaintiff fails to comply with a court order." (footnote omitted)). "When dismissing a case without prejudice, 'a district court may, without abusing its discretion, enter such an order without attention to any particular procedures.'" *AdvantEdge Bus. Grp.*

3

*v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009) (quoting *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1162 (10th Cir. 2007)).

Mr. Luevano has not made a sufficient showing to warrant granting a COA. Nowhere in his brief does he address the fact that the magistrate judge twice ordered him to file his action on court-approved forms, nor does he respond to the district court's subsequent dismissal of his action for his failure to use these forms. In particular, Mr. Luevano does not attempt to excuse his failure to use the forms or explain why (for example) it was impossible to do so. Instead, Mr. Luevano focuses on restating his primary request for relief that he made before the district court—specifically, that former Secretary of State Hillary Clinton be required to take a polygraph test.

Accordingly, we have no difficultly concluding that reasonable jurists could not debate whether the district court's dismissal of Mr. Luevano's petition under Rule 41(b) was correct. We therefore deny Mr. Luevano's request for a COA. We also deny his motion to proceed IFP because Mr. Luevano has not made a "reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *Watkins v. Leyba*, 543 F.3d 624, 627 (10th Cir. 2008) (quoting *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997)).

**II**

For the foregoing reasons, we **DENY** Mr. Luevano's request for a COA, **DISMISS** the appeal, and **DENY** Mr. Luevano's motion to proceed IFP on appeal.

Entered for the Court


JEROME A. HOLMES
Circuit Judge