FILED
United States Court of Appeals
Tenth Circuit

October 31, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JESUS A. JIMENEZ,

        Petitioner - Appellant,

v.

STATE OF UTAH,

        Respondent - Appellee.

No. 16-4066
(D.C. No. 2:12-CV-01033-DAK)
(D. Utah)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **KELLY**, **HOLMES**, and **MORITZ**, Circuit Judges.

---

**I**

Pro se[1] state prisoner Jesus Jimenez appeals from the dismissal of his

application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The district

court dismissed the action after Mr. Jimenez failed to comply with several court

---

[*]    This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

[1]    We construe the filings of a pro se litigant liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), but our role is not to serve as his advocate. *See Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009).

orders. Mr. Jimenez now appeals and moves for leave to proceed *in forma pauperis* ("IFP").

Construing Mr. Jimenez's notice of appeal as a request for a COA and exercising jurisdiction under 28 U.S.C. § 1291, we **deny** his request for a COA and **dismiss** the matter.

## II

In 2008, Mr. Jimenez was convicted of aggravated robbery and criminal homicide in Utah state court. A one-year enhancement was added to his sentence because his co-defendant used a gun during the course of the crime. He appealed the robbery conviction and sentence enhancement in state court; the Utah Court of Appeals and the Utah Supreme Court affirmed his conviction and sentence. Mr. Jimenez then filed a petition for a writ of habeas corpus pursuant to § 2254 in the U.S. District Court for the District of Utah.[2]

Mr. Jimenez's petition brought three claims for relief: (1) ineffective assistance of counsel, based on his attorney's failure to move for dismissal of the aggravated-robbery charge and failure to object to the state court's jury

---

[2] In his § 2254 petition, Mr. Jimenez erroneously lists the respondent as "the State of Utah." R. at 1. The correct respondent was the Warden of the Utah State Prison, since the proper respondent in a habeas corpus action is always the petitioner's custodian. *See, e.g.*, *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 494–95 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody.").

2

instructions; (2) plain error, based on the state court's failure to dismiss the aggravated-robbery charge and the court's jury instructions; and (3) manifest injustice, based on the one-year sentence enhancement. The district court ordered the State of Utah (the "State") to respond to Mr. Jimenez's petition.

The State filed its answer on August 13, 2014. In that answer, the State argued that Mr. Jimenez's plain-error and manifest-injustice claims were both procedurally barred because the Utah Supreme Court had denied relief on an independent state-law basis. The State also argued that Mr. Jimenez had not established any grounds for relief on his ineffective-assistance-of-counsel claim. Specifically, the State contended that Mr. Jimenez had failed to argue that the state court, in rejecting that claim, had acted contrary to clearly-established federal law.

On December 7, 2015, the district court ordered the State to file a proposed order of dismissal based on its response to Mr. Jimenez's habeas petition. The State complied with the order the same day, filing a proposed order of dismissal, memorandum of the court, and order denying Mr. Jimenez a certificate of appealability.

After thirty days, Mr. Jimenez had filed no objections to the State's proposed order, so the district court ordered him to show cause for his failure to object. On February 1, 2016, he filed a document styled, Motion to Deny Opposing Petition of Writ of Habeas Corpus. But that filing did not address the

3

district court's Order to Show Cause; instead, it simply argued the merits of his claims.

Three days later, Mr. Jimenez asked for an extension to file objections to the State's proposed order. The district court granted that motion, giving him until February 29, 2016, to file his objections. The February 29 deadline passed, yet Mr. Jimenez still had not filed any objections to the proposed order. The district court dismissed his petition the next month. In its dismissal order, the district court invoked Rule 41(b) of the Federal Rules of Civil Procedure and noted that Mr. Jimenez had "fail[ed] to obey . . . the Court's order and to prosecute this case." R. at 534 (Dist. Ct. Order, dated Mar. 28, 2016). The court did not rule on whether to grant a COA.

### III

As a state prisoner proceeding under 28 U.S.C. § 2254, Mr. Jimenez must receive a COA before we are authorized to resolve the merits of his appeal. *See, e.g.*, *Montez v. McKinna*, 208 F.3d 862, 867 (10th Cir. 2000); *see also Gonzalez v. Thaler*, --- U.S. ----, 132 S. Ct. 641, 649 (2012) (noting the "'clear' jurisdictional language . . . in § 2253(c)(1)"). Mr. Jimenez has not expressly asked for a COA in his brief. But pursuant to Rule 22(b)(2) of the Federal Rules of Appellate Procedure, his notice of appeal "constitutes a request" for a COA. *See* Fed. R. App. P. 22(b)(2).

"We may grant a COA only if the petitioner makes a 'substantial showing

4

of the denial of a constitutional right.'" *Milton v. Miller*, 812 F.3d 1252, 1263 (10th Cir. 2016) (quoting 28 U.S.C. § 2253(c)(2)).  This requires a "showing that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

The issue becomes "somewhat more complicated" when a district court denies a petition on procedural grounds.  *Id.*  In that situation, the petitioner must also make a second showing: "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Id; see also Coppage v. McKune*, 534 F.3d 1279, 1281 (10th Cir. 2008) ("If the application was denied on procedural grounds, the applicant faces a double hurdle.").

Mr. Jimenez has not made a sufficient showing to warrant issuance of a COA.  His brief neither mentions the district court's January 7, 2016 show-cause order nor explains his own failure to respond to that order.  Instead, he merely restates his argument as to the merits of his petition.  Without some argument as to the district court's dismissal order—which rested on procedural grounds—we would be hard-pressed to conclude that reasonable jurists could debate the correctness of the order.  *See, e.g.*, *Luevano v. Clinton*, 645 F. App'x 623, 624 (10th Cir. 2016) (unpublished) (rejecting COA where petitioner did not address district court's procedural grounds for denial of writ, but instead restated his

5

request for relief on the merits); *Blackfeather v. Boulder Cty. Combine Cts.*, 606 F. App'x 470, 471 (10th Cir. 2015) (unpublished) ("Petitioner makes no attempt to excuse his failure to comply with the magistrate judge's order to cure the deficiencies or explain why it was impossible to do so.").

In any event, it is patent that the district court had ample reason to dismiss Mr. Jimenez's petition: he never objected to the State's proposed dismissal order and failed to respond to the court's order to show cause. *Adams v. Wiley*, 298 F. App'x 767, 769 (10th Cir. 2008) (unpublished) ("[I]t was not an abuse of discretion for the district court to dismiss [the petitioner's] action, as he had failed to prosecute and to comply with the court's orders."). In light of Mr. Jimenez's repeated failures to comply with court orders, reasonable jurists could not debate the correctness of the district court's dismissal of his petition under Rule 41(b).

We also deny Mr. Jimenez's motion to proceed IFP. To qualify for IFP status, he "must comply with the filing requirements and demonstrate 'a financial inability to pay the required [filing] fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal.'" *Watkins v. Leyba*, 543 F.3d 624, 627 (10th Cir. 2008) (alteration in original) (quoting *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997)). Though he easily meets the first two of these requirements, Mr. Jimenez's filings on appeal include no meaningful legal analysis. And without

6

some argument about the court's dismissal order, he cannot be said to have presented a "reasoned . . . argument" to support his appeal. *See, e.g.*, *Thompson v. Robison*, 580 F. App'x 675, 677 (10th Cir. 2014) (unpublished) (denying IFP request when the petitioner never "address[ed] the district court's . . . order dismissing his action for failure" to comply with earlier orders).

## IV

For the foregoing reasons, we deny Mr. Jimenez's request for a COA and dismiss this matter.

Entered for the Court

JEROME A. HOLMES
Circuit Judge

7