FILED
United States Court of Appeals
Tenth Circuit

May 26, 2022

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

BRIAN DON HOLLAWAY,

    Petitioner - Appellant,

v.

ARVADA POLICE, and Emergency
Responses; JEFFERSON COUNTY
SHERIFF'S DEPARTMENT;
LUTHERAN HOSPITAL; AURORA
MENTAL HEALTH HOSPITAL; ST.
ANTHONIES HOSPITAL;
CENTENNIAL PEAKS MENTAL
HOSPITAL,

    Defendants - Appellees.

No. 21-1097
(D.C. No. 1:20-CV-02726-LTB-GPG)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HOLMES**, **KELLY**, and **McHUGH**, Circuit Judges.

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1(a) and Tenth Circuit Rule 32.1(A). After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff-Appellant Brian Don Hollaway, proceeding pro se,[1] appeals from the district court's dismissal of his second amended complaint without prejudice due to his failure to comply with the pleading standards imposed by Rule 8 of the Federal Rules of Civil Procedure.  Exercising jurisdiction pursuant to 28 U.S.C. § 1291,[2] we **affirm**.

## I

While detained at Jefferson County Jail in Colorado, Mr. Hollaway initiated this pro se action by filing a complaint in the District of Colorado.  Pursuant to 28 U.S.C. § 1915, he was granted leave to proceed *in forma pauperis*.  Following a review of Mr. Hollaway's complaint, the district court determined that it suffered from pleading deficiencies under FED. R. CIV. P. 8(a) and instructed him to file an amended complaint within thirty days.

Mr. Hollaway did so, alleging in his amended complaint, among other things, that two police officers entered his home, unannounced, and falsely

---

[1]    Because Mr. Hollaway appears pro se, we construe his filings liberally, but do not act as his advocate.  *See United States v. Parker*, 720 F.3d 781, 784 n.1 (10th Cir. 2013).

[2]    A dismissal without prejudice is appealable where, as here, a district court order "expressly and unambiguously dismisses a plaintiff's entire action." *Moya v. Schollenbarger*, 465 F.3d 444, 450 (10th Cir. 2006); *see also David v. United States*, 849 F. App'x 726, 727 (10th Cir. 2021) (unpublished) (exercising jurisdiction under 28 U.S.C. § 1291 to review a district court's dismissal of a complaint pursuant to Rule 8(a)).

arrested him.[3]  However, Mr. Hollaway failed to assert any specific claims in his amended complaint, and for relief, simply asked the district court to instruct the police to change their existing policies on how they treat individuals with mental illness.  The district court determined that the amended complaint also failed to comply with Rule 8 and provided Mr. Hollaway an opportunity to amend it.

The complaint at issue, Mr. Hollaway's second amended complaint,[4] contains a wide-ranging discussion of factual allegations that are totally different from those found in his first amended complaint.  Mr. Hollaway first alleges that he was involuntarily placed in a mental health facility for a period of ten days.  Furthermore, he asserts that shortly after his release from the facility, police unexpectedly arrived at his home and attacked him, resulting in injuries to his sternum and ribs.  Lastly, he alleges that, while staying at a different mental health facility, he was injected with medication that caused him to lose function in his right hand.

Mr. Hollaway sought monetary relief from multiple law enforcement departments and healthcare entities under 42 U.S.C. §§ 1983, 1974, and 1985; he also alleged that these defendants violated various criminal statutes.  Named as

---

[3]    In his amended complaint, Mr. Hollaway named as defendants Jefferson County and Jefferson County Detention Facility.

[4]    At the time of filing this pleading, Mr. Hollaway was detained at Arapahoe County Detention Center.

defendants were "Arvada Police and emergency responses," the Jefferson County

Sheriff's Department, and several local healthcare entities.[5]  Upholding under de

novo review the magistrate judge's recommendation,[6] the district court dismissed

Mr. Hollaway's second amended complaint without prejudice based on its alleged

Rule 8 deficiencies.[7]

---

[5]    Specifically, Mr. Hollaway named four hospital defendants: "Lutheran Hospital," "Aroura [sic] Mental Health Hospital," "St. Anthonies [sic] Hospital," and "Centenial [sic] Peaks Mental Hospital."  R. at 33 (Second Am. Prisoner Compl., filed Jan. 6, 2021).

[6]    In response to the magistrate judge's recommendation, Mr. Hollaway filed two documents—styled, respectively, a "Motion to Review" and a "Motion to Hearing/Review."  One could reasonably conclude that neither document contains objections to the magistrate judge's recommendation that are sufficiently "specific to preserve an issue . . . for appellate review" under our well-established firm-waiver rule.  *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996); *accord Soliz v. Chater*, 82 F.3d 373, 375–76 (10th Cir. 1996).  However, enforcement of that rule is ultimately discretionary.  *See Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005) (invoking "our discretion" in determining whether to apply the firm-waiver rule); *cf. Handy v. City of Sheridan*, 636 F. App'x 728, 733 (10th Cir. 2016) (unpublished) (observing, in the context of unpreserved challenges to a magistrate judge's order, that "this court has jurisdiction to review the [subsequent] district court's order, but applies a discretionary waiver rule if certain conditions are met").  Consequently, we see no need to analyze and definitively opine on this waiver question, when we may, as here, address and resolve in short order Mr. Hollaway's appellate challenges.

[7]    The district court certified that Mr. Hollaway could not appeal in good faith and denied his motion for leave to proceed *in forma pauperis* ("IFP") on appeal.  On two occasions, Mr. Hollaway submitted incomplete motions to this Court to proceed IFP; neither was filed.  The Clerk's Office of our Court informed Mr. Hollaway that, on or before May 26, 2021, he either needed to file a fully compliant IFP motion or pay the appellate filing fee in the district court.

(continued...)

On appeal, while not directly addressing Rule 8, Mr. Hollaway vaguely asserts that the district court erred in dismissing his second amended complaint. We uphold the district court's order.

## II

### A

Rule 41(b) of the Federal Rules of Civil Procedure authorizes dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." FED. R. CIV. P. 41(b). "And, to be sure, a failure to satisfy Rule 8 can supply a basis for dismissal [under] . . . Rule 41(b)." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007); *see Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (explaining that Rule 41(b) "has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders"); *see also Rodriguez v. Nationwide Homes, Inc.*, 756 F. App'x 782, 785 (10th Cir. 2018) (unpublished) ("If a complaint fails to meet the[ ] basic pleading requirements, a district court may dismiss the action sua sponte for failure to comply with Rule 8.").

We review a district court's dismissal for failure to comply with Rule 8 for

---

[7](...continued)
Mr. Hollaway did the latter on May 25—that is, he paid the filing fee. Accordingly, we do not consider the matter of fees further.

abuse of discretion. *Nasious*, 492 F.3d at 1162 n.3 ("In numerous unpublished decisions, we have affirmed district courts' dismissals of actions without prejudice for failure to comply with Rule 8 under our basic abuse of discretion standard."). Under Rule 8, Mr. Hollaway's second amended complaint "must contain . . . a short and plain statement of the claim showing that [he] is entitled to relief," FED. R. CIV. P. 8(a)(2), with allegations that are "simple, concise, and direct," FED. R. CIV. P. 8(d)(1). Put another way, Rule 8 requires that Mr. Hollaway "explain what each defendant did to him . . .; when the defendant did it; how the defendant's action harmed him . . .; and, what specific legal right [he] believes the defendant violated." *Nasious*, 492 F.3d at 1163.

The purpose behind Rule 8 "is 'to give opposing parties fair notice of the basis of the claim against them so that they may respond to the complaint, and to apprise the court of sufficient allegations to allow it to conclude, if the allegations are proved, that the claimant has a legal right to relief.'" *Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.*, 891 F.2d 1473, 1480 (10th Cir. 1989) (quoting *Perington Wholesale, Inc. v. Burger King Corp.*, 631 F.2d 1369, 1371 (10th Cir. 1979)). As such, notwithstanding a liberal construction of Mr. Hollaway's complaint, we must "disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

6

**B**

We cannot conclude that the district court here abused its discretion in dismissing Mr. Hollaway's second amended complaint without prejudice. This is so because Mr. Hollaway utterly fails to address the district court's basis for dismissing his second amended complaint—that is, his failure to comply with Rule 8. Instead, in his Opening Brief, Mr. Hollaway complains (among other things) about the poor care given to those "scarred by mental abuse and traumati[c] brain injuries" by those "law enforcement officials and doctors who don't have the proper education to treat these conditions," and asserts that, rather than "giving the rich more," society should "give the money to the poor of spirit and mind." Aplt.'s Opening Br. at 5. Somewhat closer to home—but still insufficient to challenge the Rule 8 basis of the district court's order—Mr. Hollaway also generally objects that his "ability to see any discoverable information, to this point, has been muted." *Id.* at 7.

Mr. Hollaway's complete failure to explain why the district court erred is dispositive; it waives any argument for reversal. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 841 (10th Cir. 2005) ("[T]he inadequacies of Plaintiff's briefs disentitle him to review by this court."); *see also Nixon v. City & Cnty. of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015) (noting that an appellant must "explain what was wrong with the reasoning that the district court relied on in reaching its decision"); *Utah Env't Cong. v. Bosworth*, 439 F.3d 1184, 1194 n.2

(10th Cir. 2006) ("An issue mentioned in a brief on appeal, but not addressed, is waived.").

Stated otherwise, because Mr. Hollaway does not provide this Court with a legally cognizable basis for holding that the district court abused its discretion, we must uphold the district court's dismissal of his action without prejudice. *See Reedy v. Werholtz*, 660 F.3d 1270, 1275 (10th Cir. 2011) (declining to consider an argument that "d[id] not challenge the [district] court's reasoning"); *see also Blackfeather v. Boulder Cnty. Combine Cts.*, 606 F. App'x 470, 471 (10th Cir. 2015) (unpublished) (affirming dismissal without prejudice where "[p]etitioner makes no attempt to excuse his failure to comply with the magistrate judge's order to cure the deficiencies or explain why it was impossible to do so"); *Thompson v. Robison*, 580 F. App'x 675, 677 (10th Cir. 2014) (unpublished) (affirming dismissal without prejudice where "[n]owhere in [plaintiff's] brief does he address the district court's order directing him to cure deficiencies in his initial filings, or the court's subsequent order dismissing his action for failure to do so").

### III

For the foregoing reasons, we **AFFIRM** the district court's order dismissing Mr. Hollaway's second amended complaint without prejudice.

ENTERED FOR THE COURT

Jerome A. Holmes
Circuit Judge

8