FILED
United States Court of Appeals
Tenth Circuit

October 6, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ALBERT GONZALES,

      Petitioner-Appellant,

v.

WARDEN STEVE HARTLEY; THE
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

      Respondents-Appellees.

No. 09-1268
(D.C. No. 1:08-CV-00589-WYD-CBS)
(D. Colo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **BRISCOE**, Chief Judge, and **KELLY** and **HOLMES**, Circuit Judges.

Petitioner-Appellant Albert Gonzales, a Colorado state prisoner appearing

pro se,[1] appeals the district court's dismissal of his application for a writ of

---

[*]   This Order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

After examining the appellate record, this three-judge panel determined unanimously that oral argument would not be of material assistance in the determination of this matter. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

[1]   Because Mr. Gonzales is proceeding pro se, we construe his filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Van*

(continued...)

habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated below, we deny his request for a certificate of appealability ("COA")[2] and dismiss the appeal.

## I. BACKGROUND

While a prisoner in the custody of the Colorado Department of Corrections at the Limon Correctional Facility in Limon, Colorado, Mr. Gonzales filed a pro se § 2254 petition challenging the validity of his state-court conviction. Mr. Gonzales was sentenced to life in prison without the possibility of parole after being convicted of one count of first degree murder after deliberation. The murder victim was Mr. Gonzales's girlfriend, whom he admits killing. Mr. Gonzales argues, however, that the killing was not an intentional act following deliberation. Mr. Gonzales was represented by two lawyers from the public defender's office.

The Colorado Court of Appeals affirmed his conviction on direct appeal. *See People v. Gonzales*, No. 00CA1205, 2002 WL 31033345 (Colo. App. May 16, 2002) ("*Gonzales I*"). On September 16, 2002, the Colorado Supreme Court denied Mr. Gonzales's petition for writ of certiorari. Mr. Gonzales also filed a

_____

[1](...continued)
*Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007).

[2]    Because Mr. Gonzales has not filed a specific request for a COA in this court, we construe his notice of appeal to be such a request pursuant to Federal Rule of Appellate Procedure 22(b)(2) and Tenth Circuit Rule 22.1(A).

post-conviction motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure, which the trial court denied, and on August 16, 2007, the Colorado Court of Appeals affirmed that denial. *See People v. Gonzales*, No. 05CA2215, 2007 WL 2332528 (Colo. App. Aug. 16, 2007) ("*Gonzales II*"). On December 17, 2007, the Colorado Supreme Court denied Mr. Gonzales's petition for writ of certiorari in the post-conviction proceedings. Mr. Gonzales filed his § 2254 petition on March 12, 2008.

In this § 2254 petition, Mr. Gonzales asserts six claims for relief: 1) trial counsel provided ineffective assistance by coercing Mr. Gonzales to waive his right to testify; 2) trial counsel were ineffective due to a conflict of interest; 3) trial counsel were ineffective due to a failure in communication with Mr. Gonzales and by failing to call an expert witness to testify regarding a brain injury Mr. Gonzales had suffered in 1992; 4) Mr. Gonzales was denied a fair trial when the trial court denied his challenges for cause of two prospective jurors; 5) Mr. Gonzales was denied a fair trial when the police failed to collect and preserve exculpatory evidence;[3] and 6) Mr. Gonzales was denied a fair trial when the trial court improperly admitted hearsay evidence of his prior bad acts of domestic violence against the victim.

---

[3] Mr. Gonzales conceded before the district court that the fifth claim lacked merit, and therefore the district court did not address its merits and dismissed the claim. Mr. Gonzales does not contend that the district court erred on this point.

3

The district court set out the appropriate standard of review pursuant to 28 U.S.C. § 2254(d), then discussed the state court's handling of each of his claims, and denied each of the claims on the merits, explaining that the state court's resolution of the issues was not contrary to or an unreasonable application of clearly established federal law, nor was it an unreasonable determination of the facts in light of the evidence presented. Consequently, the district court denied the petition. It subsequently declined to issue a COA, but granted Mr. Gonzales's request to proceed *in forma pauperis* on appeal. This appeal followed.[4]

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") circumscribes our review of Mr. Gonzales's appeal. Unless Mr. Gonzales has made "a substantial showing of the denial of a constitutional right," we may not grant his request for a COA. 28 U.S.C. § 2253(c)(2). To overcome this hurdle, Mr. Gonzales must show "'that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to

---

[4] Mr. Gonzales did not file his notice of appeal within the thirty-day period required by the Federal Rules of Appellate Procedure. *See* Fed. R. App. P. 4(a)(1) ("In a civil case, . . . the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after the judgment or order appealed from is entered."). However, he did comply with the timing requirement of Federal Rule of Appellate Procedure 4(a)(5)(A)(i), and the district court granted his motion for an extension of time to file his notice of appeal. We do not question the propriety of the district court's resolution of Mr. Gonzales's motion and deem Mr. Gonzales's appeal to be timely filed.

4

proceed further.'" *Fleming v. Evans*, 481 F.3d 1249, 1254 (10th Cir. 2007) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)); *accord Allen v. Zavaras*, 568 F.3d 1197, 1199 (10th Cir. 2009). In determining whether to grant a COA, we need not engage in a "full consideration of the factual or legal bases adduced in support of the claims." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Instead, we undertake "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each claim. *Id.* at 338. Although an applicant is not required to demonstrate that his appeal will succeed, he must "prove something more than the absence of frivolity or the existence of mere good faith on his or her part." *Id.* (internal quotation marks omitted).

Moreover, because the Colorado Court of Appeals addressed the merits of Mr. Gonzales's claims, "AEDPA's deferential treatment of state court decisions must be incorporated into our consideration of [his] request for [a] COA." *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004). Under AEDPA, we may grant an application for a writ of habeas corpus on behalf of an individual in state custody on a claim that was adjudicated on the merits in the state court only if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id.* § 2254(d)(2).

Having reviewed the record on appeal thoroughly, we conclude that Mr. Gonzales is not entitled to a COA on any of the issues that he seeks to pursue on appeal. We will briefly address each in turn.

*A. Ineffective Assistance of Counsel Claims*

Because Mr. Gonzales's COA application rests in part on a claim of ineffective assistance of counsel, in order to determine if he can make a substantial showing of a denial of a constitutional right, we must first undertake an analysis of his claims in light of the two-part test for ineffective assistance outlined in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, a petitioner must show, first, that counsel's performance was deficient—that the "representation fell below an objective standard of reasonableness" as measured by "prevailing professional norms." *Id.* at 687–88. Second, the petitioner must establish prejudice—"that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. We can review these two components in any order, and do not need to address both "if the defendant makes an insufficient showing on one." *Id.* at 697.

The district court found that Mr. Gonzales could not meet this two-pronged test for any of his ineffective assistance of counsel claims. On appeal, Mr. Gonzales raises the same three claims with respect to ineffective assistance of counsel, supported by largely the same arguments rejected by the district court. Even giving solicitous consideration to his pro se filings, we conclude that Mr.

6

Gonzales cannot make a substantial showing of the denial of a constitutional right as to any of the ineffective assistance of counsel claims he raises, so we cannot issue a COA on any of them.

With respect to the first claim—whether his counsel coerced him to waive his right to testify—reasonable jurists could not disagree with the district court's conclusion in upholding the state court's ruling under AEDPA that "the advice Mr. Gonzales received from his attorney, that his testimony would have significantly damaged his case and enhanced the chance of conviction, was correct" and that he failed "to present any clear and convincing evidence to overcome the presumptively correct state court factual determination that he was not threatened by his attorney with respect to his decision to testify." R. at 319 (Order of Dismissal, dated May 12, 2009). Therefore, we deny a COA on this claim.

With respect to the second claim, Mr. Gonzales contends that he received ineffective assistance of counsel due to his trial counsel's failure to call a witness—the hotel maid—because the maid had previously been represented by the same public defender's office that employed his trial counsel. While Mr. Gonzales persists in arguing that there is a significant difference between the maid's version of events (she did not testify at the trial) and the manager's (he did testify at the trial), the state court concluded that there was little difference between the two individuals' versions of the events and, thus, determined that Mr.

Gonzales had not established that any conflict of interest of his trial counsel adversely affected counsel's performance or prejudiced him. The district court agreed with the state court's analysis of this issue and upheld the state court's ruling under AEDPA standards. We do not believe that reasonable jurists could disagree with the district court's determination of this claim.

Finally, Mr. Gonzales contends that his counsel were ineffective for failing to call an expert witness to testify regarding a brain injury.[5] The state court concluded that this was a strategic decision based upon a consideration of the full implications of the expected testimony. Specifically, counsel considered that any discussion of Mr. Gonzales's brain injury also would lead to the possibility of extensive testimony concerning Mr. Gonzales's prolonged drug and alcohol abuse. The district court agreed with the state court's reasoning and upheld its ruling under AEDPA standards. In particular, the district court pointed out, "'[w]hether to raise a particular defense is one aspect of trial strategy, and informed strategic or tactical decisions on the part of counsel are presumed correct, unless they were completely unreasonable, not merely wrong.'" *Id.* at 324 (quoting *Anderson v. Attorney Gen. of Kan.*, 425 F.3d 853, 859 (10th Cir. 2005)). Mr. Gonzales has the burden of establishing that counsel's decision concerning the presentation of the expert evidence was *not* the product of a

---

[5] Mr. Gonzales has narrowed this claim on appeal as he does not reassert that his trial counsel were ineffective due to a breakdown in communication as he did before the district court.

reasonable strategic choice. *See Bullock v. Carver*, 297 F.3d 1036, 1047 (10th Cir. 2002). Reasonable jurists could not disagree with the district court's conclusion that he failed to carry that burden.

*B. Fair Trial Claims*

In Mr. Gonzales's last two claims, he argues that he did not receive a fair trial because the trial court denied his challenges for cause with respect to two jurors and because the trial court erroneously admitted hearsay evidence of his prior bad acts of domestic violence against the victim. We agree with the district court's resolution of these claims. Mr. Gonzales has failed to make a substantial showing of the denial of a constitutional right.

The district court upheld under AEDPA standards the Colorado Court of Appeals's rejection of Mr. Gonzales's juror bias claim. In doing so, the district court concluded that Mr. Gonzales eliminated the potential for constitutional error when he used his peremptory challenges to remove the two allegedly biased jurors from his panel. *See Ross v. Oklahoma*, 487 U.S. 81, 86 (1988) (explaining that "[a]ny claim that the jury was not impartial, therefore, must focus . . . on the jurors who ultimately sat"). And Mr. Gonzales's constitutional rights were not violated because he had to use his peremptory challenges to achieve an impartial jury. *See id.* at 88 ("[W]e reject the notion that the loss of a peremptory challenge constitutes a violation of the constitutional right to an impartial jury."). We conclude that reasonable jurists could not disagree with the district court's

9

resolution of this issue.

Finally, Mr. Gonzales argues that he was denied a fair trial because the trial court incorrectly admitted hearsay evidence of prior bad acts. Reasonable jurists could not disagree with the district court's conclusion that the admission of this evidence did not render his trial fundamentally unfair. As the district court explained:

> It is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. Therefore, habeas relief may not be granted on the basis of state court evidentiary rulings unless they rendered the trial so fundamentally unfair that a denial of constitutional rights results.

R. at 327 (brackets omitted) (citations omitted) (internal quotation marks omitted). After reviewing the record, it is clear that reasonable jurists could not disagree with the district court's conclusion that the admission of this evidence did not "fatally infect[] the trial." *Id.*

## III. CONCLUSION

For the foregoing reasons, we **DENY** a COA and **DISMISS** the appeal.

ENTERED FOR THE COURT

Jerome A. Holmes
Circuit Judge

10