FILED
United States Court of Appeals
Tenth Circuit

March 3, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

**ALEX HOMER LINZY**

Petitioner - Appellant,

v.

**WARDEN FRANCIS FAULK; THE ATTORNEY GENERAL OF THE STATE OF COLORADO,**

Respondents- Appellees.

No. 14-1504
(D.C. No. 1:14-CV-00962-RM)
(D. Colo.)

**ORDER DENYING MOTION FOR LEAVE TO PROCEED
WITHOUT PREPAYMENT OF FEES
DENYING CERTIFICATE OF APPEALABILITY,
AND DISMISSING APPEAL**

Before **MATHESON**, **O'BRIEN**, and **PHILLIPS**, Circuit Judges.

Alex Homer Linzy is a Colorado state prisoner.  Proceeding pro se,[1] he wants to appeal from the denial of his 28 U.S.C. § 2254 habeas petition.  The district judge denied a certificate of appealability (COA).  He has renewed his request with this Court, which we too deny.

---

[1] We liberally construe Linzy's pro se filings.  *See Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

Linzy pulled his former girlfriend from her car and dragged her down the street into a vacant house where he beat and raped her. He was convicted by a jury of second degree kidnapping, sexual assault, and third degree assault. He was adjudicated a habitual criminal and sentenced to 96 years imprisonment on the kidnapping conviction, a consecutive 48 years to life imprisonment on the sexual assault conviction, and a concurrent 2 years imprisonment on the assault conviction. His convictions and sentences were affirmed on direct appeal and his state court petitions for post-conviction relief (two) were unsuccessful. He then sought relief in federal court, filing a pro se § 2254 habeas petition raising twelve claims.

The district judge resolved all twelve claims but we are concerned only with those raised in his COA application, all ineffective assistance of counsel claims. With respect to trial counsel, he claimed counsel should have challenged the chain of custody of the rape kit performed on the victim, objected to the testimony of the State's DNA expert for lack of foundation under *People v. Valencia*, 257 P.3d 1203 (Colo. Ct. App. 2011), and raised a sufficiency of the evidence argument regarding the asportation element of the kidnapping conviction. As for appellate counsel, he said counsel rendered deficient performance by failing to raise the sufficiency of the evidence argument on appeal.[2]

The district judge concluded Linzy's ineffective assistance of trial counsel claims were procedurally defaulted because they were either (1) determined by the state courts to be procedurally barred as untimely or successive (independent and adequate state

---

[2] In the district court, these claims were Claims 3(f), 7 and 9.

grounds) or (2) not fairly presented to the state courts and would now be procedurally barred under Colorado law (anticipatory procedural bar).

Linzy argued his procedural default should be excused because the state court denied his request for appointed post-conviction relief counsel. *See Martinez v. Ryan*, --- U.S. ---, 132 S. Ct. 1309, 1320 (2012) ("Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.").[3] The judge determined the lack of counsel did not excuse the default because his claims were not "substantial," i.e., they lacked "some merit." *Id.* at 1318.

Although the rape kit was originally mislabeled (and consequently misplaced), the error was rectified before DNA analysis of the kit's vaginal swabs occurred. Moreover, there was no evidence, other than speculation, of any tampering. The district judge also

---

[3] While the Colorado courts have "expressed a preference" for defendants to raise ineffective assistance of trial counsel claims in collateral review proceedings, they do not require defendants to do so. *People v. Thomas*, 867 P.2d 880, 886 (Colo. 1994); *see also People v. Price*, 240 P.3d 557, 565 (Colo. Ct. App. 2010) ("Because of the need for a developed factual record, an ineffective assistance of counsel claim should ordinarily be raised in a postconviction proceeding, not on direct appeal. Only in rare instances are ineffective assistance of counsel claims presented so that they need no further factual development prior to review on direct appeal.") (citation and quotations omitted). Nevertheless, the rule in *Martinez* has been extended to circumstances where the "state procedural framework, by reason of its design and operation, makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal." *Trevino v. Thaler*, --- U.S. ---, 133 S. Ct. 1911, 1921 (2013). We assume *Martinez* applies.

concluded the State had presented sufficient foundation for the admission of the DNA expert's testimony. According to that testimony, a forensic scientist from the Denver Police Department Crime Lab tested the vaginal swabs collected from the victim and found semen. The DNA expert then extracted DNA from the semen, compared it to the DNA sample taken from Linzy, and concluded they matched. Apparently the DNA expert tested the semen sample extracted from the swabs by the forensic scientist, but did not test the vaginal swabs themselves. In other circumstances such a possible break in the chain of custody might be significant, but here there was sufficient evidence connecting the vaginal swabs to the victim. Indeed, defense counsel had so stipulated.[4] Finally, the judge noted that trial counsel had raised a sufficiency of the evidence

---

[4] *Compare Valencia*, 257 P.3d at 1206 (concluding trial court abused its discretion by allowing an expert to testify as to results of her testing on specimens taken from the defendant and victim where there was no evidence, other than the expert's own conclusory statements, establishing the specimens came from the defendant and victim). Evidentiary rulings by state courts generally do not present a viable federal habeas issue. *See Moore v. Marr*, 254 F.3d 1235, 1246 (10th Cir. 2001) ("As a general matter, federal habeas corpus relief does not lie to review state law questions about the admissibility of evidence, and federal courts may not interfere with state evidentiary rulings unless the rulings in question rendered the trial so fundamentally unfair as to constitute a denial of federal constitutional rights.") (citation and quotations omitted); *see also Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("[F]ederal habeas corpus relief does not lie for errors of state law.") (quotations omitted).

Those considerations aside, Linzy raises *Valencia* to support his ineffective assistance of trial counsel claim, a constitutional claim cognizable under § 2254. *See Strickland v. Washington*, 466 U.S. 668, 685-86 (1984). But, even if legally relevant, *Valencia* does not help him. As the district judge concluded, that case is not factually comparable because of trial counsel's stipulation in this case.

To the extent Linzy objected to counsel's decision to stipulate, the judge decided Linzy had not shown prejudice under *Strickland* because he had not provided any evidence the semen sample tested was not obtained from the victim.

argument by moving for a directed verdict at the close of the State's evidence. Alternatively, he found the victim's testimony, which was corroborated by the police and an examining physician, to have been sufficient to support the asportation element of kidnapping.

As to the ineffective assistance of <u>appellate</u> counsel claim, the Colorado Court of Appeals determined the evidence to be sufficient to support the kidnapping conviction and therefore counsel was not ineffective for failing to challenge it on appeal.[5] Upon review of the state court record the district judge agreed, based on *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (stating evidence is sufficient to support a conviction if, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt"). Appellate counsel's failure to raise a sufficiency of the evidence argument on appeal did not constitute deficient performance or prejudice.

Linzy must obtain a COA to pursue an appeal. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). A COA will issue "only if the applicant has made a substantial

---

[5] In rejecting the ineffective assistance of <u>appellate</u> counsel claim, the Colorado Court of Appeals said:

> Linzy has failed to show meritorious grounds for reversal. Sufficient evidence in the record, including the victim's testimony and evidence of the severe scraping and bruising which experts said resulted from the victim being dragged to the house where Linzy locked her, supports the jury's verdict . . . .
>
> Thus, we conclude Linzy has not shown how he was prejudiced by appellate counsel's conduct . . . .

(R. at 524 (citation omitted).)

showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, he must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted). Because his petition was denied in part on procedural grounds, he faces a double hurdle—he must establish "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* (emphasis added). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

In cogent orders the district judge thoroughly and correctly addressed and resolved Linzy's ineffective assistance of <u>trial</u> counsel claims. They are procedurally defaulted and Linzy failed to show those claims are "substantial" under *Martinez*. Like the Colorado Court of Appeals, the district judge concluded <u>appellate</u> counsel was not ineffective. Federal inquiry is limited to whether the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," in this case, *Strickland v. Washington*, 466 U.S. 668 (1984), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §

- 6 -

2254(d); *see also Upchurch v. Bruce*, 333 F.3d 1158, 1164 (10th Cir. 2003).  The

Colorado Court of Appeals' decision is neither; Linzy is not entitled to relief.[6]

We **DENY A COA** and **DISMISS** this matter.[7]  Since we have addressed the

request for a COA, Linzy's companion request to proceed on appeal *in forma pauperis* or

*ifp* (that is without <u>prepayment</u> of fees) is moot.  Linzy must pay the full amount of all

---

[6] The district judge should not have explicitly decided the ineffective assistance of <u>appellate</u> counsel claim de novo (i.e., no deficient performance or prejudice). Determination of that claim should have rested on whether the Colorado Court of Appeals' resolution of that claim was contrary to or an unreasonable application of *Strickland*, a substantially more deferential standard.  *See Harrington v. Richter*, 562 U.S. 86, 105 (2011) ("Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is . . . difficult.  The standards created by *Strickland* and § 2254(d) are both highly deferential and when the two apply in tandem, review is doubly so.") (citations and quotations omitted).  Linzy can hardly be heard to complain that he received a more substantial review than he deserved.

[7] Linzy also requests a COA to challenge the denials of his (1) motion for an evidentiary hearing, (2) motion for a copy of the state court record without cost under 28 U.S.C. § 2250, and (3) motion to expand the record pursuant to Rule 7 of the Rules Governing Section 2254 Cases.  But "a COA is only appropriate in circumstances implicating *constitutional* error."  *United States v. Eatman*, 569 F. App'x 626, 631-32 (10th Cir. 2014) (unpublished).  The denials of these motions are not of constitutional magnitude.  Moreover, to the extent any of these motions sought to place new evidence before the federal court that was not part of the state court record, they were properly denied under *Cullen v. Pinholster*, --- U.S. ---, 131 S. Ct. 1388, 1398 (2011) ("[R]eview under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits.").

filing and docketing fees to the Clerk of the District Court. Payment is immediately due.[8]

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge

---

[8] 28 U.S.C. § 1915(a)(1) does not relieve a party from paying the filing and docketing fees. As it plainly states, the statute only excuses "prepayment" of the fees. *See* 28 U.S.C. § 1915(a)(1); *see also Flint v. Haynes*, 651 F.2d 970, 972 (4th Cir. 1981) ("The use of the word 'prepayment' in [§ 1915(a)(1)] indicates that Congress did not intend to waive forever the payment of costs, but rather it intended to allow qualified litigants to proceed without having to advance the fees and costs associated with litigation."). Irrespective of how his *ifp* request is treated Linzy must pay the full amount of the filing and docketing fees.