**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 17, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

FREDERICK BARKER,

     Petitioner - Appellant,

v.

RICK RAEMISCH, Executive Director,
Colorado Dept. of Corrections; TRAVIS
TRANNI, Warden, Colorado State
Penitentiary; CYNTHIA COFFMAN,
Attorney General, State of Colorado,

     Respondents - Appellees.

No. 18-1251
(D.C. No. 1:15-CV-00595-RPM)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **HARTZ**, **McHUGH**, and **CARSON**, Circuit Judges.
_____

Frederick Barker, a Colorado state prisoner appearing pro se, seeks a

certificate of appealability ("COA") to challenge the district court's denial of his

28 U.S.C. § 2254 petition for post-conviction relief. We deny his application for a

COA.

---

[*]The case is therefore ordered submitted without oral argument. This order
and judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive
value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.    Background

A jury convicted Frederick Barker of two counts of felony murder, one count of second degree murder, and two counts of aggravated robbery in the District Court for the City and County of Denver, Colorado.  The state court sentenced Barker to two consecutive terms of life in prison without parole.  The Colorado Court of Appeals ("CCA") affirmed the convictions on direct appeal.

Barker then filed a pro se motion for post-conviction relief pursuant to Colorado Rule of Criminal Procedure ("Rule") 35(c).  The district court denied relief, and the CCA affirmed.

With assistance of counsel, Barker filed an Application for a Writ of Habeas Corpus in the United States District Court for the District of Colorado.  There, Barker claimed violations of, among other things, his Sixth Amendment rights.  Specifically, Barker alleged his trial counsel was ineffective because counsel failed to: (1) retain an expert to analyze a tape recording; (2) properly raise and preserve Barker's right to confront witnesses; and (3) object to the joinder of two cases.  The district court denied Barker's Application for a Writ of Habeas Corpus.  The district court also declined to issue Barker a COA, concluding that Barker did not make a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

Barker, again proceeding pro se, appeals the district court's denial of a COA. He claims his Sixth Amendment rights were denied through: (1) ineffective assistance of trial and appellate counsel, and (2) denial of post-conviction counsel. Barker specifically alleges that trial counsel failed to advise him of his right to offer

2

relevant evidence regarding the voluntariness of his confession, prevented him from testifying, failed to investigate evidence that could have corroborated his defense, and failed to move to dismiss the case or move for sanctions after alleged violations of his right to a speedy trial. Barker further contends his appellate counsel was ineffective when counsel failed to appeal the trial court's refusal to instruct the jury on an alibi defense.

## II.    Standard of Review

A COA is a jurisdictional prerequisite to our review of a habeas application. 28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), "[w]e will issue a COA 'only if the applicant has made a substantial showing of the denial of a constitutional right.'" Allen v. Zavaras, 568 F.3d 1197, 1199 (10th Cir. 2009) (quoting 28 U.S.C. § 2253(c)(2)). Under this standard, "the applicant must show 'that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.'" United States v. Taylor, 454 F.3d 1075, 1078 (10th Cir. 2006) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). Our "inquiry does not require [a] full consideration of the factual or legal bases adduced in support of the claims," but rather "an overview of the claims" and "a general assessment of their merits." Miller-El, 537 U.S. at 336.

"Under AEDPA, we may grant an application for a writ of habeas corpus on behalf of an individual in state custody on a claim that was adjudicated on the merits

3

in the state court only if the state court's decision 'was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,' or 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" Gonzales v. Hartley, 397 F. App'x 483, 486 (10th Cir. 2010) (quoting 28 U.S.C. § 2254(d)(1)(2)).

### III.    Analysis

A. Claims Barker failed to raise in his § 2254 application are forfeited.

In his application to this Court for a COA, Barker abandons certain arguments made below and advances new theories in an attempt to secure a COA. Specifically, Barker attempts to raise the following ineffective assistance of counsel arguments for the first time on appeal: (1) that trial counsel failed to advise him of his right to offer relevant evidence regarding the voluntariness of his confession, prevented him from testifying, and failed to investigate evidence that could have corroborated his defense, and (2) that appellate counsel failed to appeal the trial court's refusal to instruct the jury on an alibi defense.

Claims not raised in the initial § 2254 application are considered forfeited. See United States v. Moya, 676 F.3d 1211, 1213 (10th Cir. 2012). And Barker does not request on appeal that we review these claims for plain error. Thus, we deny his request for a COA on these forfeited claims. Richison v. Ernest Grp., Inc., 634 F.3d 1123, 1131 (10th Cir. 2011) ("[T]he failure to argue for plain error and its application

4

on appeal—surely marks the end of the road for an argument for reversal not first presented to the district court.").

B. Barker's remaining claims do not support the grant of a COA.

Barker has two remaining claims that he made in his original § 2254 application: an ineffective assistance of counsel claim based on failure to object to an alleged speedy trial violation and a post-conviction denial of counsel claim.[1] For the reasons that follow, neither claim justifies the grant of a COA in this case.

1. Because Barker did not raise his speedy trial violation claim in his Rule 35(c) motion, he cannot raise it for the first time on appeal to this court.

Barker argues his trial counsel was constitutionally ineffective for failing to object to an alleged speedy trial violation. This claim was raised on appeal of the denial of the Rule 35(c) motion, but the CCA, citing People v. Goldman, 923 P.2d 374, 375 (Colo. App. 1996), refused to address it because Barker did not properly raise it in his Rule 35(c) motion.

A prisoner who fails to satisfy state procedural requirements forfeits his right to present his claim in federal habeas. Murray v. Carrier, 477 U.S. 478, 485–92, (1986). The procedural default doctrine applies regardless of whether the default occurred at trial, on appeal, or on state collateral review. Edwards v. Carpenter, 529 U.S. 446, 451 (2000). Procedural default is an independent and adequate state ground for denying habeas relief. Hain v. Gibson, 287 F.3d 1224, 1230 (10th Cir.

---

[1] The district court did not address either of Barker's remaining claims, although he argued these claims in his Application for a Writ of Habeas Corpus.

2002). It prevents us from reviewing Barker's defaulted claim unless he can demonstrate both "cause for the default and actual prejudice as a result of the alleged violation of federal law." Coleman v. Thompson, 501 U.S. 722, 750 (1991).

A defendant may show cause for setting aside a procedural default in his first petition for post-conviction relief with respect to an ineffective assistance of trial counsel claim raised in that petition when the defendant shows: (1) either (a) "under state law, claims of ineffective assistance of counsel must be raised in an initial-review collateral proceeding," Martinez v. Ryan, 566 U.S. 1, 17 (2012), or (b) the "state procedural framework, by reason of its design and operation, makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal," Trevino v. Thaler, 569 U.S. 413, 429 (2013));[2] (2) either (a) "the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial," Martinez, 566 U.S. at 14, or (b) "appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of Strickland v. Washington, 466 U.S. 668 (1984)," id.; and (3) "the underlying ineffective-assistance-of-counsel claim is a substantial one, which is to say that . . . the claim has some merit." Id.

---

[2] "Colorado courts have expressed a preference for defendants to raise ineffective assistance of trial counsel claims in collateral review proceedings, [but] they do not require defendants to do so." Linzy v. Faulk, 602 F. App'x 701, 702 n.3 (10th Cir. 2015) (internal quotation marks omitted). Thus, in these circumstances defendants out of Colorado fall within the rule articulated in Trevino. Id.

Assuming for the sake of this appeal that Barker can satisfy the first two prongs, he cannot satisfy the third prong.

To demonstrate ineffective assistance of counsel a petitioner must establish both (1) that his counsel's performance fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that, but for counsel's unreasonable errors, the outcome of his appeal would have been different. Strickland, 466 U.S. at 687.

Barker cannot establish the third prong—that his claim has some merit—because he fails to meet the first prong of Strickland. Barker contends his counsel performed deficiently because counsel requested a continuance instead of objecting and moving for a new trial after learning the prosecution did not timely disclose certain evidence. Without more, his bare assertion does not satisfy Strickland's first prong. We have held that failure to make a speedy trial objection and instead move for a continuance does not make counsel's performance fall "below an objective standard of reasonableness" as measured by "prevailing professional norms." United States v. Rushin, 642 F.3d 1299, 1309 (10th Cir. 2011). In developing trial strategy, "counsel is entitled to balance limited resources in accord with *effective* trial tactics and strategies, or, in other words, to critically undertake a cost/benefit analysis of any proposed course of action." Id. at 1308 (internal quotations omitted) (emphasis in original).

> When counsel focuses on some issues to the exclusion of others, there is a strong presumption that he did so for tactical reasons rather than through sheer neglect . . . . That presumption has particular force where

7

[as here] a petitioner bases his ineffective-assistance claim solely on the trial record, creating a situation in which a court may have no way of knowing whether a seemingly unusual or misguided action by counsel had a sound strategic motive.

Yarborough v. Gentry, 540 U.S. 1, 8 (2003) (per curiam) (internal quotations omitted).

Barker cannot show that his counsel's request for a continuance fell below an objective standard of reasonableness. Therefore, he cannot establish that his claim has some merit and he cannot show cause. Thus, he cannot overcome the procedural default and is not entitled to a COA with respect to this issue.

2. <u>Barker's claim pursuant to Rule 35(c) concerns a question of state law that is unreviewable in this application and of federal law that is not clearly established.</u>

Barker also argues that the Sixth Amendment and Colorado statute entitled him to appointment of post-conviction counsel when he filed petitions for relief pursuant to Rule 35(c). The CCA held that this argument was improperly raised and denied it on the merits.

Under AEDPA "a COA may issue only when the applicant 'has made a substantial showing of the denial of a *constitutional* right.'" Taylor, 454 F.3d at 1078 (quoting 28 U.S.C. § 2253(c)(2) (emphasis added)). As discussed above, Barker's state law claim does not give rise to the issuance of a COA.

Turning to Barker's constitutional claim, generally "[t]here is no constitutional right to an attorney in state post-conviction proceedings." Coleman, 501 U.S. at 752. In Martinez, the Supreme Court left open the question of whether a constitutional

8

right to counsel exists when a defendant filed a petition for post-conviction relief asserting a claim for ineffective assistance of trial counsel in a state where a defendant may only bring an ineffective assistance of counsel claim in such a petition. Martinez, 566 U.S. at 9 ("This is not the case, however, to resolve whether that exception [for ineffective assistance of counsel claims that may only be raised in a petition for post-conviction relief] exists as a constitutional matter."). The Supreme Court has not revisited that issue since Martinez. Under the circumstances, no reasonable jurist could debate whether the CCA's determination that Barker had no constitutional right to counsel was contrary to clearly established Federal law, as determined by the Supreme Court of the United States. Accordingly, Barker is also not entitled to a COA with respect to this issue.

IV.    Conclusion

For the foregoing reasons, Barker's application for a COA is DENIED.[3]

Entered for the Court


Joel M. Carson III
Circuit Judge

---

[3] Because we deny the application for a COA, we additionally deny Barker's request to proceed *in forma pauperis*.